THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RONALD ARMSTRONG et al., Defendants, and CHARLES BAXTER, Appellant.

County Court, Chenango County, August 30, 1952.

*Singer & Singer* for appellant.

*David F. Lee, District Attorney,* for respondent.

BARNES, J. This is an appeal from the Justice's Court trial in the village of Greene, Chenango County, New York, for violation of section 1894-a of the Penal Law "for using, exploding or causing to explode or having in possession any fireworks" (subd. 8).

One of the defendants plead guilty, two were tried before the Justice and a jury, of which one was acquitted and one was convicted. The appeal is taken by the defendant Baxter, who was convicted by the jury.

I am unable to find anywhere in section 56 of the Code of Criminal Procedure any provision whereby this type of case can be tried in Justice's Court. It is not contained in any of the provisions of section 56 and one of the last provisions limits the general jurisdiction to a type of case in which the punishment does not exceed a $50 fine and in this case, the law provides for a fine of $100. Subdivision 10 of section 1894-a of the Penal Law also speaks of the defendant being liable to indictment. I am, therefore, compelled to vacate the judgment of conviction against the defendant appealing. This is no criticism of anyone; it is just an oversight which does happen.

This leaves an interesting but important situation concerning the three defendants, one of whom has plead guilty and one of whom has been acquitted and one of whom was convicted. It would seem to me to be proper that the case against the defendant who has plead guilty should be presented to the Grand Jury, and the conviction by a plea of guilty in Justice's Court be set aside.

The next question is whether or not the defendant Baxter, under the testimony upon this trial, could be convicted upon an indictment. Certainly, his case could be presented to the Grand Jury in the same manner as if it had not been tried. However, the defendant's counsel urges that the testimony against this defendant, if believed, is insufficient to convict and urges that the testimony consists of the testimony of the defendant who was an accomplice or a principal in the commission of

the crime and the further testimony of disinterested witnesses; that the defendant Baxter was present driving the car from which the defendant Armstrong threw the firecrackers, and that the defendant Baxter left the driver's seat and went to the rear of the car after which other firecrackers were found underneath the car as described in the testimony of Armstrong. Is this testimony sufficient to convict? It is not necessary that each defendant actually have the physical possession of firecrackers but where it is shown that he acted with another in the pursuance of a common design; that he acted at one and the same time for the fulfillment of the same preconcerted end, and was so situated as to be able to give aid to his associate, with a view to insure the success of the common enterprise, such person becomes a principal. (*McCarney* v. *People,* 83 N. Y. 408; *People* v. *Patrick,* 182 N. Y. 131, 142.)

The nature of evidence to corroborate an accomplice is thoroughly discussed in *People* v. *Goldstein* (285 N. Y. 376), *People* v. *Kress* (284 N. Y. 452) and other cases therein cited. Circumstantial evidence is sufficient to support the testimony of an accomplice. (*People* v. *Mullens,* 292 N. Y. 408.)

Of course, it is assumed that criminal intent is always a necessary element. (*People* v. *Jackerson,* 247 N. Y. 36.)

Where a defendant had control of the car, from which a companion threw a firecracker, which exploded, in front of a moving automobile, it might be argued that the driver had no knowledge that his companion had such firecrackers; but when this happened the second time, the force of that argument practically vanishes; and when thereafter the driver, with an officer approaching, goes to the rear of the car, and returns and there are firecrackers under the rear of the car, a jury could properly infer that he had knowledge, and had been aiding the defendant who actually exploded them. As to the other defendant the only evidence produced, other than the accomplice, was that he was a passenger in the car; and this alone may not be sufficient to corroborate the accomplice. (*People* v. *Bartulis,* 271 App. Div. 892.)

As the Justice's Court had no jurisdiction to try the defendant, the acquittal of the third defendant does not bar a new prosecution in a court which *does* have jurisdiction. (*People* v. *Connor,* 142 N. Y. 130; *People ex rel. Bullock* v. *Hayes,* 166 App. Div. 507, affd. 215 N. Y. 172; *People ex rel. Meyer* v. *Warden of Nassau Co. Jail,* 269 N. Y. 426.)

Judgment of conviction is set aside and it is recommended that the entire case be submitted to the next Grand Jury. Exploding firecrackers in front of moving automobiles is not a humorous prank.