Melvin D. Glass, J.
Defendant is charged under section 270.00 of the Penal Law, “ unlawfully dealing with fireworks ”, with possessing a blank cartridge pistol in a handcuff case attached to his ¡belt. Defendant moves to dismiss the information upon the ground that the statute in question is unconstitutionally vague and upon the further ground that the statute necessarily implies that the violator possess the pistol with the intent to use it unlawfully, a fact not alleged by the People.
A statute which fails to give a citizen adequate notice of forbidden conduct is unconstitutionally vague and a violation of due process. (Papachristou v. City of Jacksonville, 405 U. S. 156 [1972].) Our New York Court of Appeals in a 4 to 3 decision recently declared a section of the loitering, statute, subdivision 6 of section 240.35 of the Penal Law, unconstitutionally vague. (People v. Berck, 32 N Y 2d 567 [1973].) A reading of section 270,00fails to sustain defendant’s contention of vagueness. Subdivision 1 clearly defines the fireworks which are prohibited under the statute. A blank cartridge pistol is spe *229 cifically included within the definition. Subdivision 2 provides that “ any person who shall offer or expose for sale, possess or sell, furnish, use, explode or cause to explode any fireworks is guilty of a class B misdemeanor.” Subdivisions 3, 4 and 5 state with a high degree of specificity, the exceptions to the prohibited conduct. This court rejects defendant’s argument and holds that section 270.00 of the Penal Law is not unconstitutionally void for vagueness.
The answer to the question of whether the statute requires anything more than mere possession is answered by reading the statute and referring to its predecessor, section 1894-a of the Penal Law of11909. Neither the current nor the old statute makes mention of the element of criminal intent. To read the need for criminal intent into the statute would create the elements of subdivision 9 of section 265.05 of the Penal Law, a class A misdemeanor, with respect to someone possessing a blank cartridge pistol. There was clearly no intent on the part of the Legislature to make the same act fall within two different statutes with two different penalties. Defendant’s reference to the decision in People v. Armstrong (203 Misc. 105 [1952]), as standing for the proposition that criminal intent is a necessary element of the offense, is an error. The issue in that case, one which was prosecuted under section 1894-a of the old Penal Law, was whether one of three individuals was an accomplice. The intent discussed was the intent to possess fireworks, not the intent to use them unlawfully.
An issue not raised by the defense which should be mentioned is the question of whether bare possession of prohibited fireworks constitutes a violation of the section or must there be a showing of intent to sell. It might be argued that the words of subdivision 2 of section 270.00 “ offer or expose for sale, possess or sell” connote possession with intent to sell. These words of the current statute are taken directly from old subdivision 2 of section 1894-a. 'Subdivision 8 of that section which prescribed the punishment for any violation, clearly distinguished between possession with intent to sell and mere possession of fireworks. The former called for an alternative jail sentence while the latter did not. It would appear that the legislative intent was to carry over to the new law, the substance of the 1909 statute prohibiting both types of conduct.
In view of the above, this court holds that mere possession of a blank cartridge pistol constitutes a violation of section 270.00 of the Penal Law.
Defendant’s motion to dismiss is in all respects denied.