OPINION OF THE COURT
Edward S. Lentol, J.
The defendants are charged with the crime of reckless endangerment first degree, criminal possession of a weapon in the third degree and in the same indictment the defendant Del George, alone, is charged with bribery second degree.
*887 FACTS
It is alleged that on February 2, 1978 the defendants were arrested in possession of a quantity of fireworks (633 cases) at 234 Logan Avenue, Brooklyn (a garage) and that the defendants drove a vehicle in which the fireworks were transported on a crowded street thereby endangering pedestrians.
It is further alleged that the defendant Del George in order to avoid his arrest, agreed to pay $1,000 to the arresting officer.
The defendant, Santorelli, moves for the following relief:
1. An inspection of the Grand Jury minutes and a dismissal of the indictment. (CPL 210.20, subd 1, par [b]; 210.30.)
2. Suppression of the physical evidence on the ground that it was seized in violation of the defendants’ Fourth Amendment rights. (CPL 710.10 subd 2; 710.20, subd 1.)
3. Severance of the trial of Del George or of the count charging him with bribery. (CPL 200.40.)
4. Prohibit testimony at the trial of the defendant Santorelli relating to the bribery count.
5. Prohibiting cross-examination of defendants as to prior convictions.
6. Dismissal of the charge of possession of a weapon third degree on the ground that section 265.02 of the Penal Law covering explosives does not pertain to fireworks which are covered by section 270.00 of the Penal Law.
CONCLUSION OF LAW
The court has inspected the Grand Jury minutes and has found them to be legally sufficient except as herein stated.
The defendants’ request to suppress the physical evidence shall be the subject of a hearing to determine whether the search and seizure were made in violation of the defendants’ rights.
The defendants’ Sandoval motion (People v Sandoval, 34 NY2d 371) shall be decided after a hearing to be held on the eve of trial.
The motion to sever the second count of the indictment against the defendant Del George is granted. CPL 200.40 provides: "1. Two or more defendants may be jointly charged in a single indictment provided that all such defendants are jointly charged with every offense alleged therein.” (Emphasis added.)
*888 Since only the defendant Del George is charged with the crime of bribery there has been a misjoinder of this count and it must be severed.
Section 265.02 of the Penal Law provides that: "A person is guilty of criminal possession of a weapon in the third degree when: * * * (2) He possesses any explosive or incendiary bomb”. Prior to 1970 the possession of any bomb was proscribed by the statute. The 1970 amendment proscribed the possession of any explosive or incendiary bomb.
Section 270.00 of the Penal Law declares it to be a class B misdemeanor to sell or offer for sale or possess fireworks.
Fireworks are defined to include "firecrackers, torpedoes, skyrockets, Roman candles, bombs, sparklers or other * * * explosive of like construction, or any preparation containing any explosive or inflammable compound or any tablets or other device commonly used and sold as fireworks containing nitrates * * * or any compound containing any of the same or other explosives”. (Penal Law, § 270.00, subd 1; emphasis added.)
No other definition of fireworks or of explosives may be found elsewhere in the Penal Law, although section 451 of the Labor Law and section 115 of the Vehicle and Traffic Law define explosives, section 322-b of the General Business Law makes it a misdemeanor to make, keep or carry explosives in violation of local law. Section 1642 of the Vehicle and Traffic Law authorizes the transportation of explosives to be regulated by local law.
Section 451 of the Labor Law in its definition of explosives excludes firecrackers under conditions determined by the Board of Standards and Appeals. The board rules (12 NYCRR
39.2 [k] [2]) also exclude certain firecrackers not exceeding 12 grains in weight but such rules do not apply to the City of New York. (12 NYCRR 39.1.)
12 NYCRR 39.2 [q] defines pyrotechnics which are commonly referred to as fireworks.
So that it would appear that fireworks have been the subject of legislative attention in many areas of the law.
The issue to be determined in this case is whether it was the intent of the Legislature to include fireworks in section 265.02 of the Penal Law.
As the Court of Appeals said in a recent decision, People v Walsh (44 NY2d 631, 636): "The court should not strain for an *889 interpretation for which there is no express or inferable foundation in the statute itself.”
Section 271 of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1) dealing with Penal Law statutes provides as follows in subdivisions a, b, and c: "Generally penal statutes are strictly construed against the State and in favor of the accused.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 271, subd a.)
In People v Caulfield (207 Misc 593) the rule was said to apply particularly where the crime charged is malum prohibitum.
"Penal Laws cannot be the offspring of surmise, inference, implication or conjecture”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 271, subd b; People v Issachar, 24 Misc 2d 826.)
Statutory language may not be enlarged.
"The words used in a penal statute are generally to be given their usual, ordinary and commonly accepted meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 271, subd c; People v Sullivan, 39 AD2d 631.)
It appears to the court that the commonly accepted meaning of explosives does not include fireworks which are usually and ordinarily called fireworks.
While it is true that if two penal statutes prohibit the same act or conduct the District Attorney may exercise prosecutorial discretion in determining under which statute he will proceed, this is not so unless it was intended by the Legislature to proscribe such conduct in each statute.
The Practice Commentary (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 265.02, Pocket Part [1977-1978], p 151) states: "A bomb is generally described as a container filled with an explosive substance that is capable of causing physical injury or property damage by concussion. There are various kinds of specialized bombs, e.g., incendiary bombs, smoke bombs and gas bombs. Prior to the 1970 amendment * * * possession of 'any bomb’ was proscribed. The 1970 amendment (L. 1970 c, 1012) cast the prohibition in terms of 'any explosive or incendiary bomb.’ In approving this amendment the Governor wrote: 'The threat posed to the lives and property of our citizens by the criminal use of incendiary and explosive devices must be eradicated. This measure will eliminate any uncertainty as to *890 whether the possession of such weapons violates the Penal Law. The penalty provided under the bill reflects the gravity of the risk to society by the dastardly users of "Molotov cocktails” and other popular instruments of violence.’ (Memorandum No. 152, May 20, 1970).”
Who ever heard of anyone using fireworks as an instrument of violence?
Assemblyman Hardt, the introducer of the bill, stated in a memorandum accompanying the bill (NY Legis Ann, 1970, p 53):
"The race riots in many of our major cities during recent years have resulted in an increasing incidence of the use of incendiary bombs. The present sections of the penal law which would be amended do not explicitly cover incendiary bombs. The proposed amendments would specifically cover them. The New York State temporary commission on revision of the penal law and penal code have advised me as follows:
" 'Whether the fire or incendiary bomb is covered in the present penal law may be debatable. Any doubt of the matter could be removed however by the simple process of amending Section 265.05 (1) so that it specifies any explosive or incendiary bomb rather than a plain bomb.’ ”
It seems apparent to this court that the sole purpose of the amendment was to clarify the word bomb, so that there would be no question that the law covered not only bombs which explode but incendiary bombs, such as "Molotov Cocktails”, as well.
CPL 210.20 entitled "Motion to Dismiss Indictment” provides in part as follows: "After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (b) The evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offense ” (Emphasis added.) In People v Connelly (35 NY2d 171, 173) the court stated: "An indictment of course, must rest on 'legally sufficient [evidence]’ (CPL 190.65, subd. 1), that is admissible or 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof (CPL 70.10, subd. 1). If the evidence does not establish 'the offense charged or any lesser included offense’ (CPL 210.20, subd. 1, par. [b]) the indictment must be dismissed.” It has also been said: "Thus, an indictment may not be dismissed on the ground that *891 evidence before the Grand Jury was not legally sufficient to establish the offense charged, if it is sufficient to establish a lesser included offense(People v Frisbie, 40 AD2d 334, 336; see, also, People v Feliciano, 32 NY2d 140; emphasis supplied.) The definition of a "lesser included offense” as stated in CPL 1.20 (subd 37) is as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ”
Since the court has concluded that section 265.02 of the Penal Law does not cover fireworks, it cannot be said that the possession of fireworks is a lesser included offense; this count of the indictment is dismissed with leave to the District Attorney to submit and file an information charging the defendants with a violation of section 270.00 of the Penal Law.