■ NOREEN CLEMENS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60555.)—Appeal from an order of the Court of Claims, entered November 7, 1979, which denied a motion to dismiss the claim. This claim arose following the destruction of a large quantity of fireworks by the Division of State Police pursuant to orders of the Town Court of the Town of Colonie and the Police Court of the City of Albany. Claimant's husband and an associate were arrested and charged with unlawfully dealing with fireworks (Penal Law, § 270.00, subd 2). The items were discovered in trucks they were operating, supposedly in the course of delivery to locations outside New York. Both defendants pleaded guilty and, in accordance with statutory provisions, the foregoing orders were issued (Penal Law, § 405.05). It is claimant's contention that the subject property was owned by her and that the same was taken wrongfully, without notice, and at a time when it was lawfully in interstate commerce. However, the record refutes her assertion. The minutes of her examination before trial make it plain that the only part she played in the entire transaction was to apply for a letter of credit. This action enabled her husband to obtain the necessary funding to purchase the fireworks in Hong Kong. All other correspondence, invoices, bills of lading and other papers were in the name of her husband or Greater Ohio Distributors, an entity which was never incorporated and in which she possessed no interest or connection. Moreover, it appears that her husband was the ultimate source of the financing which generated the letter of credit. Accordingly, there is nothing of substance in this record to establish claimant's interest in the property destroyed sufficient to create a triable issue of fact and defeat the State's motion (cf. *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Order reversed, on the law, without costs; motion granted and claim dismissed. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.