OPINION OF THE COURT
Ruth Levine Sussman, J.
The defendant, Carl Christopher, is charged with unlawfully dealing with fireworks (Penal Law § 270.00 [2] [a]) and unlawful storage, sale and transportation of fireworks (Administrative Code of City of NY § 27-4044 [a]). He now moves, inter alia, to dismiss the accusatory instrument on the ground that the People unlawfully destroyed the subject fireworks, in violation of Penal Law § 405.05, or in the alternative for suppression of the evidence.
The defendant was arrested on June 6, 1995, for allegedly having within his custody and control 300 cases of fireworks in his automobile. The defendant purportedly stated that he was paid 90 cents a mile to transport to New York City and that he had a permit to transport in Pennsylvania. It is uncontroverted that at the defendant’s arraignment, he requested that the People preserve the evidence. In a letter dated June 8, 1995, defense counsel again reminded the People of their obligation to preserve the fireworks and additionally informed them of his intention to seek their return. The alleged fireworks were *470 destroyed by the prosecution without permission from a Magistrate in violation of Penal Law § 405.05 which provides as follows: "Fireworks possessed unlawfully may be seized by any peace officer, acting pursuant to his special duties, or police officer, who must deliver the same to the magistrate before whom the person arrested is required to be taken. The magistrate must, upon the examination of the defendant, or if such examination is delayed or prevented, without awaiting such examination, determine whether the fireworks had been possessed by the defendant in violation of the provisions of section 270.00; and if he finds that the fireworks had been so possessed by the defendant, he must cause such fireworks to be destroyed, in a way safe for the particular type of such fireworks, or to be delivered to the district attorney of the county in which the defendant is liable to indictment or trial, as the interests of justice and public safety may, in his opinion, require. Upon the conviction of the defendant, the district attorney must cause to be destroyed, in a way safe for the particular type of such fireworks, the fireworks in respect whereof the defendant stands convicted, and which remain in the possession or under the control of the district attorney.”
The defendant argues that absent strict compliance with Penal Law § 405.05, a prosecution pursuant to Penal Law § 270.00 cannot be maintained. Additionally, he contends that the destruction of evidence deprived him of a fair trial in violation of his procedural due process in that the missing evidence was vital and he has no other available proof to use to develop a meaningful defense.
The People maintain that the Bomb Squad examined the seized contraband at the arrest site to determine whether they were fireworks, and concluded that they were class “C” fireworks. They then transported the fireworks to the police department’s facility at Rodman’s Neck in the Bronx. The People claim that the Rodman’s Neck site does not have adequate means to safely store such hazardous substances as fireworks for an extended period. Therefore, the prosecution contends that the fireworks were destroyed because the large quantity kept at the depository, including those seized from the defendant, presented a strong and immediate threat to the safety of the public and to the employees at the facility. The People point out that, at the time of the defendant’s arrest, there was a large quantity of fireworks stored there because it was less than a month away from the Fourth of July which is the peak time for the sale and use of illegal fireworks. They *471 claim that since Penal Law § 405.05 is silent as to what sanction is to be imposed for a violation of its provisions, dismissal of the charges is too severe a remedy. Moreover, they argue that their duty to preserve the fireworks is imposed upon them to protect the proprietary interest of the owner and since the defendant was only transporting the goods for the owner, he is not an aggrieved party and hence has no recourse for their premature destruction. Additionally, they contend that Penal Law § 405.05 is not a condition precedent for the prosecution of a Penal Law § 270.00 violation. They maintain that the destruction of the evidence did not deprive the defendant of a fair trial as members of the Bomb Squad can testify as experts that the seized goods were fireworks, and therefore there exists substantial proof available at trial to prove that the defendant possessed fireworks.
Clearly the People violated the requirements set forth in Penal Law § 405.05 by destroying the evidence absent a Magistrate’s directive, even after the defendant twice informed the People of their duty to preserve the evidence and of his intention to seek its return. The People maintain that their actions are excusable given the danger posed by the fireworks. Such an argument ignores the fact that due to the inherent dangerous nature of fireworks, the Legislature imposed restrictions for the manner in which they should be impounded and for their eventual disposal (see, Caldwell v Village of Is. Park, 304 NY 268, 275; see also, Kingsland v Erie County Agric. Socy., 298 NY 409). It is for a Magistrate, not the prosecution, to determine whether the fireworks pose too great a risk to the safety of others so as to warrant their destruction prior to the defendant’s trial. Additionally, conspicuously absent from the People’s answering affirmation is the date when the fireworks were destroyed. If they were destroyed soon after the defendant’s arrest, it would be indicative of the safety concerns associated with the storage of such materials. If, however, they were destroyed some time after the defendant’s arrest, there would have been ample time for a Magistrate to determine whether the evidence was to be retained.
Furthermore, even if the depository where the fireworks were kept was ill-équipped to store them for an extended period, as the People contend, it does not justify depriving the defendant of an opportunity to inspect the evidence against him. It is incumbent upon the People to have a facility that can handle the storage of explosive materials. It should additionally be noted that although the People claim that the Rod- *472 man’s Neck facility had accumulated a great deal of fireworks because it was just prior to the July 4th celebration, they do not indicate the amount of fireworks secured there. Absent knowledge of the quantity of stored fireworks, it cannot be concluded whether the addition of the subject 300 cases of fireworks posed an imminent risk of harm to the community. Previously in an unrelated case, the Rodman’s Neck depository stored 9,839 cases of class "C” fireworks amounting to 20 truckloads of fireworks (see, East Coast Novelty Co. v City of New York, 781 F Supp 999). It was kept there for at least 27 days until the First Department refused to stay an order granting the disposal of the fireworks issued by a Judge after a destruction hearing was held (see, supra). Even after the stay was lifted, the fireworks were not immediately destroyed, but rather they were destroyed over the course of several months (see, supra, at 1002). Therefore, it appears that this facility is equipped to store a great deal of fireworks for several months without posing a danger to others, as the prosecution suggests.
Notwithstanding the prosecution’s contention to the contrary, Penal Law § 405.05 does not limit its applicability solely to the owner of fireworks. Where fireworks are destroyed by the prosecution or its agents, in violation of Penal Law § 405.05, only a person having interest in the fireworks, such as an owner, can seek compensation for their wrongful destruction (see, Clemens v State of New York, 79 AD2d 772, affd 55 NY2d 620). However, that portion of the statute concerning the preservation of evidence for a person accused of violating Penal Law § 270.00, clearly concerns the rights of the person arrested (see generally, East Coast Novelty Co. v City of New York, supra).
Although the People violated Penal Law § 405.05, the statute does not specify what is the proper sanction to be imposed for their failure to comply with its provisions. The court’s research was unable to disclose of any case that determined the proper remedy for a violation of Penal Law § 405.05 or its predecessor statute section 1894-a (the Warner-Milmoe Fireworks Bill) which was added in 1940 to the existing 1909 Penal Law. Nor does the legislative history on these sections shed any light on this issue. Therefore, this court has looked to other cases concerning the destruction of evidence in general in order to determine what is the appropriate sanction to be imposed.
The People are duty bound to preserve discoverable evidence in their possession (see, People v Kelly, 62 NY2d 516). When *473 they violate this duty, they have a heavy burden of establishing that diligent good-faith efforts were undertaken to prevent the loss or otherwise sanctions should be imposed (see, supra, at 520). In order to decide what is an appropriate sanction, the court may take into account the degree of prosecutorial culpability, in the destruction of the evidence, but the overriding concern must be to eliminate any prejudice to the defendant while ensuring the interest of society (see, supra). Where the defendant is claiming that the loss of the evidence will deprive him of a fair trial, the court must consider the proof available at trial, the significance of the destroyed evidence and whether the loss was intentional or inadvertent (see, People v Haupt, 71 NY2d 929, 931). Rarely should a court impose the drastic remedy of dismissal of the charges as a sanction for the People’s failure to preserve evidence (see, supra). A court should only resort to the dismissal of the charges where the imposition of less severe sanctions would be unable to rectify the harm done to the defendant (see, People v Kelly, supra, at 521).
In the case at bar, the loss of the evidence was not due to negligence or oversight, but rather the fireworks were deliberately destroyed. The People ignored the defendant’s demands to retain the fireworks and they disregarded their statutory obligation to have a Magistrate determine whether the fireworks should be destroyed prior to the defendant’s trial. Their actions constituted a willful destruction of evidence which forms the very basis of the prosecution itself. Although the destruction was intentional, the court does not find that the People destroyed the evidence in a bad-faith attempt to dispose of exculpatory evidence. Even though the People may not have acted in bad faith, they should not escape responsibility for the deliberate destruction of the evidence (see, People v Saddy, 84 AD2d 175, 179). The intentional failure to comply with the required procedure to preserve discoverable evidence, as opposed to bad faith, is not a ground for excusing the prosecution’s wrongful conduct (see, United States v Bryant, 439 F2d 642). It is the prosecution’s responsibility to exercise care to preserve evidence and if the defendant is prejudiced by the loss of the evidence, the court must impose an appropriate sanction (see, People v Martinez, 71 NY2d 937, 940).
The defendant requested the fireworks be preserved and he asserts in his motion papers that they were vital to his defense. He fails, however, to claim that he wanted to have an independent expert test the property seized from him to determine whether in fact they were fireworks. At no point *474 has the defendant claimed that the subject property was not fireworks. Therefore, how the destruction of the evidence impaired his defense is questionable. Since the defendant did not specify how he was prejudiced by the destruction of the fireworks, dismissal of the charges or the suppression of the subject evidence is unwarranted. Nevertheless, since the People willfully destroyed the evidence is violation of an express statutory mandate, the court finds that the appropriate sanction is an adverse inference charge to be prepared by the Trial Judge. Although there exists no specific statutory duty to preserve fireworks when an accused is charged only with a violation of the Administrative Code, the court finds that the intentional destruction of discoverable evidence violated the defendant’s due process rights thereby warranting an adverse inference charge with respect to that count as well.
It should additionally be noted that the complaint was improperly deemed an information. The accusatory instrument states that the defendant had in his possession 300 cases of fireworks. The allegation that the subject contraband was fireworks is conclusory, and renders the instrument insufficient as an information (see, People v Dumas, 68 NY2d 729; see also, CPL 100.15, 100.40). Although the People now claim that the items seized from the defendant were tested by the Bomb Squad who concluded that they were class "C” fireworks, they failed to submit a supporting deposition from a member of the Bomb Squad or a laboratory report indicating that they were in fact fireworks. If a supporting deposition is filed wherein it is claimed that the subject contraband is "C” fireworks, it will not cure the hearsay nature of the instrument. Both the Penal Law and Administrative Code definitions of fireworks are very specific (see, Penal Law § 270.00 [1]; Administrative Code § 27-4045; see also, People v Santorelli, 95 Misc 2d 886; People v Johnson, 77 Misc 2d 228). Although given an opportunity to do so, the People were unable to define, with any degree of certainty, what types of materials are class "C” fireworks. In its Hazardous Materials Regulations, the United States Department of Transportation defined common types of fireworks as class "C”. The Department revised its regulations based on the United Nations’ Recommendations on the Transport of Dangerous Goods so that, effective January 1, 1991, the Department no longer uses such a classification (see, American Pyrotechnics Association, Standard for Construction and Approval for Transportation of Fireworks, Novelties and Theatrical Effects, Apr. 1993, at 1, 5). The current classification for such fireworks *475 is Division 1.4 (see, 49 CFR 173.53). Since the evidence has been willfully destroyed by the prosecution, no further testing of the items can be performed. Therefore, the prosecution must submit a supporting deposition which, if accepted as true, will demonstrate that the items seized from the defendant constituted the proscribed classification of fireworks.
Accordingly, the defendant’s motion seeking to dismiss the accusatory instrument on the ground that the evidence was wrongfully destroyed in violation of Penal Law § 405.05, or in the alternative, for the suppression of the evidence, is granted only to the extent that the Trial Judge will give an adverse inference charge at the defendant’s trial. Additionally, the accusatory instrument is restored to its previous status as a misdemeanor complaint.
The remainder of the defendant’s omnibus motion is decided as follows:
Those branches of the defendant’s motion seeking to suppress tangible evidence and statements are granted to the extent that a hearing will be held to determine the admissibility of such evidence.
That branch of the defendant’s motion seeking to preclude the People from introducing any evidence of the defendant’s prior conviction or bad acts is referred to the trial court for resolution prior to trial (see, CPL 240.43).
That branch of the defendant’s motion seeking to suppress identification testimony is denied as there is no indication that any identification procedure was employed. In any event, the People did not serve a CPL 710.30 (1) (b) notice, and they are therefore precluded at trial from introducing any evidence relating to the identification of the defendant.
That portion of the defendant’s motion seeking an order directing the prosecutor to turn over all exculpatory evidence is granted to the extent that the People are reminded of their continuing obligation to disclose under Brady v Maryland (373 US 83) and People v Rosario (9 NY2d 286).
That branch of the defendant’s motion seeking an order granting him reasonable time to make additional motions is granted to the extent that any additional, supplemental or amended motions contemplated by the defendant shall be permitted only to the extent that such motions fall within the scope of CPL 255.20 (2) and (3).