■ The People of the State of New York, Respondent, v. Donald F. Sullivan, Appellant.— Judgment reversed on the law and indictment dismissed. Memorandum: Defendant stands convicted of possession of an explosive substance with intent to use it unlawfully against the person or property of another in violation of subdivision 7 of section 265.05 of the Penal Law. The indictment charges and the proof establishes that he possessed two bottles filled with kerosene with a wick inserted in each bottle. ¶ In interpreting the statute to determine whether its intent is to proscribe possession of kerosene as an explosive substance we should consider its purpose, giving its words their usual and commonly understood meaning and " construe it in view of other statutes relating to the same subject matter " (*Town of Putnam Val.* v. *Slutzky,* 283 N. Y. 334, 343; see, also, McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 75, 94, 232). The purpose of the law is to proscribe offenses against public safety (Penal Law, tit. P) and not to prevent possession of a commonly used household substance such as kerosene. The word "Explosives" has been defined in subdivision 1 of section 451 of the Labor Law as meaning gunpowder, powders used for blasting, detonators and other substances intended to cause an explosion but it "shall not include * * * kerosene". Similar definitions which do not include kerosene as an explosive substance are contained in section 322-b of the General Business Law and section 115 of the Vehicle and Traffic Law. ¶ We conclude that defendant's possession of bottles filled with kerosene did not constitute possession of an explosive substance in violation of subdivision 7 of section 265.05 of the Penal Law. Kerosene is an inflammable but not an explosive substance and while a bottle thereof fitted with a wick to be ignited when it is hurled at an object might well be held to be an incendiary bomb within the meaning of the provisions of subdivision 1 of section 265.05 of the Penal Law, it is not an explosive substance within the meaning of subdivision 7 of that section. ¶ All concur, except Moule, J., who dissents and votes to affirm the judgment, in the following memorandum: Defendant, while on the University of Buffalo Campus, had in his possession two bottles, each of which contained kerosene and a wick. These bottles thus fitted, were obviously intended to be used unlawfully against the person or property of another but the majority would reverse and dismiss the indictment on the ground that such bottles did not constitute an explosive substance. ¶ One of the Deputy Sheriffs who apprehended the defendant testified that upon receiving the bottles from the defendant, one was three-quarters full and the other half-full. A professor of chemistry testified that kerosene would explode if it came into contact with oxygen and flame. The evidence supports a conclusion that placing kerosene in a bottle with a wick and enough air space left so that when the wick was ignited the flame would reach the kerosene in the presence of an oxygen supply created an explosive substance. (Appeal from judgment of Erie County Court, convicting defendant of possession of dangerous instruments.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.