THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY McCRAWFORD, Appellant.

First Department, April 10, 1975

*Carol Berkman* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Robert M. Cohen* of counsel *(Mario Merola, District Attorney),* for respondent.

KUPFERMAN, J. In 1972, defendant, according to his explanation, had been in an altercation at a party and had been shot in the face suffering only a flesh wound. Bent on revenge, he went to the street corner at Boston Road in The Bronx where his alleged assailant lived and hurled a wine bottle through the window of the ground floor apartment. The bottle contained a flammable liquid (paint thinner) and had a cloth

wick, which defendant lit before throwing the bottle, which in popular parlance is a Molotov Cocktail.[1] A small fire was started, which neighbors extinguished. Fire apparatus promptly arrived, and the damage was minimal. Defendant was apprehended as he sought to leave the scene.

The facts being undisputed on this appeal, we are concerned only with the legal consequences.

Defendant was indicted for the two crimes of which the jury in January, 1974 convicted him, arson in the first degree (Penal Law, § 150.20) and possession of a weapon, dangerous instrument and appliance as a felony (Penal Law, former § 265.05, subd 7; L. 1970, ch. 1022, § 12). The jury, however, acquitted defendant of arson in the second degree (Penal Law, § 150.15; L 1965, ch 1030) submitted to them by the court (as a lesser included crime) in the alternative to the crime of arson in the first degree.

We set forth the language of these various arson provisions so that the elements thereof can be perceived, and include arson in the third degree (Penal Law, § 150.10), because it is relevant as a further possible lesser included offense.

"§ 150.10 Arson in the third degree.

"1. A person is guilty of arson in the third degree when he intentionally damages a building by starting a fire or causing an explosion.

"2. In any prosecution under this section, it is an affirmative defense that (a) no person other than the defendant had a possessory or proprietary interest in the building, or if other persons had such interests, all of them consented to the defendant's conduct, and (b) the defendant's sole intent was to destroy or damage the building for a lawful and proper purpose, and (c) the defendant had no reasonable ground to believe that his conduct might endanger the life or safety of another person or damage another building.

"Arson in the third degree is a class C felony."

"§ 150.15 Arson in the second degree.

---

1. From the Dictionary of American Slang (published by Thomas Y. Crowell, 1967): "Molotov cocktail—A homemade bomb, specif., one consisting of a bottle filled with gasoline or an alcohol mixture, and usu. a rag wick. *Orig. used by Russian civilians in fighting against the invading Nazi army during W.W.II. Such a bomb was supposed to have been effective in destroying tanks. Molotov was the USSR foreign minister during W.W. II.*". As to the name derivation, it is more likely that it was coined during the 1939 Soviet invasion of Finland, where the Finns used a similar device against Russian panzer tanks. "The Winter War" by Eloise K. Engle & Lauri Paananen (Scribner's 1973) page 39.

"A person is guilty of arson in the second degree when he intentionally damages a building by starting a fire and when (a) another person who is not a participant in the crime is present in such building at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility.

"Arson in the second degree is a class B felony."

"§ 150.20 Arson in the first degree.

"A person is guilty of arson in the first degree when he intentionally damages a building by causing an explosion, and when (a) another person who is not a participant in the crime is present in such building at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility.

"Arson in the first degree is a class A-I felony."[2]

The defendant was sentenced to concurrent terms of 15 years to life and 8⅓ to 25 years. He appeals on the basis that a Molotov Cocktail is not an "explosive substance" and does not cause an "explosion". We must acknowledge that under our Penal Law this contention is correct, and, accordingly, modify the judgment on the law to the extent of reversing the conviction for arson and vacating the sentence imposed thereon and dismissing that count of the indictment, and modify on the law the conviction for possession of a weapon as a class B felony to conviction of possession as a class D felony (Penal Law, former § 265.05, subd 1) and remand for resentence upon the lesser conviction.

The defendant intentionally damaged a building by using an incendiary device to start a fire therein knowing that people were in the building, and was probably guilty of arson in the second degree, but the jury acquitted him on that alternative charge.

Our problem is whether a Molotov Cocktail is an "explosive substance" (Penal Law, former § 265.05 subd. 7, now § 265.04) or can cause "an explosion" (Penal Law, § 150.20). It may seem that it is and can. *(Cf. Chambers v State,* 6 Md App 339; *State v Arruda,* 317 Atl 2d 437 [RI]; *McClane v State,* 170 Tex Cr Rep 603, cert den 365 US 816; "Possession of Bomb,

---

2. In his excellent volume on New York's New Drug Laws and Sentencing Statutes (Law Journal Press, 1973), Albert M. Rosenblatt, District Attorney of Dutchess County, discusses the various crime classifications including arson in the first degree as a class A-1 felony. (pp 1–2).

Molotov Cocktail, or Similar Device as Criminal Offense" Ann 42 ALR3d 1230.) However, the determination must take into account any previous interpretation and application and the intent of the Legislature. (See 35 CJS, Explosives, § 12, subd b, p 330 et seq.)

In *People v Sullivan* (39 AD2d 631 [4th Dept., 1972]) the court held that a similar "weapon" (bottle filled with kerosene) did not come within the definition of explosive, citing subdivision 1 of section 451 of the Labor Law and also section 322-b of the General Business Law and section 115 of the Vehicle and Traffic Law, and that it was an inflammable but not explosive substance.

The Practice Commentary by Arnold Hechtman to section 265.04 of the Penal Law (McKinney's Cons Laws of NY, Cum Pocket Part 1974–1975, pp 111–112) indicates that section 464 of the Labor Law enacted in 1970 provided for a penalty (class D felony) for any unauthorized possession of an explosive as defined in section 451 of the Labor Law. Enacted at the same time was the provision for amendment of the Penal Law increasing the penalty from a class D to a class B felony with reference to possessing "any explosive substance" with criminal intent. The legislation was prompted by a series of terror bombings in early 1970, which pointed up the need for closer supervision of explosives in general and centralized licensing with the State Industrial Commission. The effect, therefore, is to incorporate the definition of an explosive from the Labor Law, which, in accordance with the determination in *People v Sullivan (supra)* would not include the "weapon" used.

Present subdivision (2) of section 265.02 of the Penal Law (Penal Law, former § 265.05, subd 1) was amended in 1970 to refer to an "explosive *or* incendiary bomb" (italics added) indicating the difference. A Molotov Cocktail is clearly an incendiary device designed to start a fire without the instantaneous lethal percussion aspects of an explosive. *(Saunders v State* 275 Atl 2d 564 [Del].)

Governor Rockefeller in approving the amendment, wrote: "The threat posed to the lives and property of our citizens by the criminal use of incendiary and explosive devices must be eradicated. This measure will eliminate any uncertainty as to whether the possession of such weapons violates the Penal Law. The penalty provided under the bill reflects the gravity of the risk to society caused by the dastardly users of 'molotov

cocktails' and other popular instruments of violence" (NY Legis Ann, 1970, pp 538–539).

Accordingly, arson in the second degree, of which defendant was acquitted by the jury, would have applied, but not arson in the first degree, of which he was convicted. Further, in view of all of the foregoing, it is not possible to reduce arson in the first degree to the lesser catch-all of arson in the third degree. The defendant remains guilty of possession as a class D felony.

STEVENS, P.J., LUPIANO, CAPOZZOLI and LANE, JJ., concur.

Judgment, Supreme Court, Bronx County rendered on January 10, 1974, unanimously modified, on the law, to the extent of reversing the conviction for arson and vacating the sentence imposed thereon and dismissing that count of the indictment and to modify, on the law, the conviction for possession of a weapon as a class B felony to conviction of possession as a class D felony (Penal Law, former § 265.05, subd 1), and remand for resentence upon the lesser conviction.