OPINION OF THE COURT
Alfred H. Kleiman, J.
In the second count of the indictment the defendant is charged with the crime of criminal possession of a weapon in the third degree committed as follows: "The said defendant, in the County of Bronx, on or about August 11, 1977 did possess an incendiary device.”
The underlying statute is subdivision (2) of section 265.02 of *1124 the Penal Law which provides: "A person is guilty of criminal possession of a weapon in the third degree when * * * (2) He possesses any * * * incendiary bomb”.
Defendant moved to dismiss the above count of the indictment upon the ground that the statutory language "incendiary bomb” is unconstitutionally vague.
For the purpose of this motion, it was stipulated that the People would prove that the defendant had in his possession, when arrested, a bottle containing 200 millilitres of gasoline with a twisted piece of paper in the neck of the bottle.
In considering this motion, the court has, of course, taken into consideration the basic principle that a statute duly enacted by the Legislature carries a strong presumption of constitutionality and its invalidity must be demonstrated beyond a reasonable doubt (People v Pagnotta, 25 NY2d 333).
The defendant argues that an "incendiary bomb” or as used in the indictment "an incendiary device” is susceptible of application to so many flammable articles whose possession it was not intended to make a criminal offense, that therefore the statute is necessarily unconstitutionally vague. He cites as examples such objects as a cigarette lighter, a bottle of whiskey with a paper stopper, cleaning fluid in a jar or a kerosene lantern with a cloth wick. I find no merit to this argument.
The term "incendiary”, not being specifically defined by the Penal Law retains its everyday, commonsense meaning, bearing in mind we are dealing with a criminal statute. As stated in People v Cruz (34 NY2d 362, 370): "the statutory terms — 'incendiary’, 'bomb’ and 'explosive substance’ — are susceptible of reasonable application in accordance with the common understanding of men”. As this court has had previous occasion to state "The doctrine of 'vagueness’ does not mean that the fact that the Penal Law has not specifically defined a key word in the statute, it becomes constitutionally defective. A lack of precision in statutory language does not automatically mean that the requirements of due process have been offended (Roth v. United States, 354 U. S. 476, 491-492 [1957]). While the Constitution requires that criminal statutes define the conduct to be punished, the Constitution does not require impossible standards. (United States v. Petrillo, 332 U. S. 1 [1947].)” (People v Newton, 73 Misc 2d 854, 856.)
In People v McCrawford (47 AD2d 318, 321) the appellate court referring to the language "incendiary bomb” in the *1125 present statute stated "A Molotov Cocktail is clearly an incendiary device designed to start a fire without the instantaneous lethal percussion aspects of an explosive”. In holding that a bottle containing a flammable liquid (paint thinner) which had a cloth.wick was in popular parlance a Molotov cocktail, the court cited from the Dictionary of American Slang (People v McCrawford, pp 318, 319, supra). That dictionary defines a Molotov cocktail as "A homemade bomb, specif, one consisting of a bottle filled with gasoline or an alcohol mixture, and usu. a rag wick”. The fact that the wick in our case is made of paper rather than rag certainly does not change the primary characteristic of this object as a "Molotov cocktail” and I now find that the article admittedly possessed by defendant is an "incendiary bomb” within the meaning of this statute. The language here challenged "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices” (United States v Petrillo, 332 US 1, 8 supra).
The defendant argues that the language of the law encompasses a possessory crime for items that are clearly on their face not subject to criminal prosecution, as a result of which the statute is unconstitutional because it is void for vagueness. It is true that in People v McCrawford (supra) the constitutionality of the statute was not raised. However, the fact that the statute could be unconstitutionally applied to others charged under different circumstances is not a ground for granting this motion. It is a well-known principle of law that "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the Court.” (Broadrick v Oklahoma, 413 US 601, 610; see, also, United States v Raines, 362 US 17, 21.) "The root of the vagueness doctrine is a rough idea of fairness” (Colten v Kentucky, 407 US 104, 110).
Citizens who desire to obey this law should have no difficulty in understanding it.
For the reasons stated, I hold that the term "incendiary bomb” as contained in subdivision (2) of section 265.02 of the Penal Law is not unconstitutionally vague as applied to the defendant, and accordingly the motion to dismiss the above count of the indictment is denied.