OPINION OF THE COURT
Felice K. Shea, J.
Is an automobile an "incendiary device” within the statute defining arson in the first degree when its windows have been smashed to provide ventilation, its interior doused with gasoline, it is driven into the lobby of a New York City apartment building and ignited with a book of matches? The People *561 argue in opposition to defendants’ motion to dismiss the indictment that defendants constructed "a [M]olotov cocktail with four wheels” and that the automobile as used by defendants was designed to be an "incendiary device” pursuant to Penal Law § 150.20. Defendants contend that the Legislature gave the term "incendiary device” a specific meaning in Penal Law § 150.20 (2) and that an automobile does not qualify.
Penal Law § 150.20 reads in pertinent part:
"§ 150.20 Arson in the first degree
"1. A person is guilty of arson in the first degree when he intentionally damages a building * * * by causing an explosion or a fire and when (a) such explosion or fire is caused by an incendiary device propelled, thrown or placed inside or near such building * * * and when (b) another person who is not a participant in the crime is present in such building * * * at the time; and (c) the defendant knows that fact or the circumstances are such as to render the presence of such person therein a reasonable possibility.
"2. As used in this section, 'incendiary device’ means a breakable container designed to explode or produce uncontained combustion upon impact, containing flammable liquid and having a wick or a similar device capable of being ignited.”
The first count of the indictment reads as follows:
"the grand jury of the county of new york, by this indictment, accuse the defendants Jose Fernandez, a/k/a 'Munstro’, a/k/a 'Muntro’, Ralph Nunez, a/k/a 'Malicia’, Leonardo Sanchez, a/k/a 'Leo’, and Christian Guzman of the crime of arson in the first degree, in violation of Penal Law § 150.20(1), committed as follows:
"The defendants, in the County of New York, on or about August 16, 1990, intentionally damaged a building located at 545 West 164th Street by causing an explosion and a fire, and such explosion and fire was caused by an incendiary device propelled, thrown and placed inside and near such building; and defendants committed said acts when another person who was not a participant in the crime was present in such building at the time, and the defendants knew that fact and the circumstances were such as to render the presence of such person therein a reasonable possibility.”
There was evidence before the Grand Jury that on August 16, 1990 defendants, acting in concert, poured gasoline into the passenger compartment of an automobile and drove it into *562 the lobby of an apartment house at 545 West 164th Street, Manhattan. One of the defendants allegedly lit a book of matches and threw it into the automobile. The automobile caught fire, the fire spread and the building sustained damage. The evidence was sufficient for the grand jurors to have concluded that defendants intentionally damaged a residential building by causing a fire and that defendants knew the building was occupied. However, the question remains as to whether the automobile used to start the fire was an "incendiary device”.
The term "incendiary device” could be understood in a general sense to mean any device capable of starting a fire. However, Penal Law § 150.20 (2) appears to limit the term to what is commonly called a "Molotov cocktail”.[1] The device must be a breakable container, must be designed to explode or produce uncontained combustion upon impact, must contain flammable liquid, and must have a wick or similar device. The automobile as allegedly used by defendants contained a flammable liquid. It conceivably might be said to have had a device similar to a wick in that it was ignited by a book of matches. However, it would stretch the definition beyond recognition to classify an automobile as a breakable container, or to find that the automobile as used was designed to explode or produce uncontained combustion upon impact. An automobile is not a breakable container merely because its windows can be broken. Nor was any impact between the automobile and any other object contemplated under the facts as charged.
A narrow reading of the phrase "incendiary device” is also mandated by an examination of its legislative history. The words first appeared in the arson statute in 1980 in response to a decision of the First Department.
In 1972, a man named McCrawford hurled a Molotov cocktail through the window of a ground-floor apartment. The bottle contained flammable liquid and had a cloth wick which McCrawford lit before he threw the bottle. McCrawford was brought to trial and convicted of arson in the first degree under Penal Law § 150.20, which at that time provided:
"§ 150.20 Arson in the first degree
"A person is guilty of arson in the first degree when he *563 intentionally damages a building by causing an explosion, and when (a) another person who is not a participant in the crime is present in such building at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such person therein a reasonable possibility.”
The conviction was reversed in 1975. The First Department held that a Molotov cocktail, while an incendiary device, was not an explosive and thus not capable of "causing an explosion” within the meaning of Penal Law § 150.20 as it then defined arson in the first degree. (People v McCrawford, 47 AD2d 318.)
In 1980, first degree arson was reformulated to add the "causing of an explosion or a fire” either "by an incendiary device” or "by an explosive”, and section 150.20 (2) was added defining "incendiary device”.[2]
[3]As enacted, the 1980 version of Penal Law § 150.20 read:
"§ 150.20 Arson in the first degree
"1. A person is guilty of arson in the first degree when he intentionally damages a building or motor vehicle by causing an explosion or a fire and when (a) such explosion or fire is caused by an incendiary device placed inside such building or motor vehicle; or when such explosion or fire is caused by an explosive; and when (b) another person who is not a participant in the crime is present in such building or motor vehicle at the time; and (c) the defendant knows that fact or the circumstances are such as to render the presence of such person therein a reasonable possibility.
"2. As used in this section, 'incendiary device’ means a breakable container designed to explode or produce uncontained combustion upon impact, containing flammable liquid and having a wick or a similar device capable of being ignited.”
When the legislation was proposed, a memorandum of the Governor’s office dated February 27, 1980s set forth the purpose of the bill in the following language: "The intent of this legislation is to make throwing a Molotov cocktail a class A-l *564 felony. The legislation defines 'incendiary device’ in such a way as to apply only to Molotov cocktails.” The memorandum observed that the bill "attempted] to deal with the apparent 'hole’ found in People v. McCrawford.” The memorandum recommended a gubernatorial veto and pointed out that a disadvantage of the bill was its circumscribed definition of the term "incendiary device”. It was suggested in the memorandum that the use of more sophisticated devices by professional criminals might not be prosecutable under this restrictively drawn statute.
Memoranda to the Governor’s counsel from the New York State Department of State, the District Attorney of Nassau County, the Attorney-General for Medicaid Fraud Control and the New York State Division of Criminal Justice Services[4] all note that the term "incendiary device” as defined in the proposed legislation referred specifically to a Molotov cocktail. (See also, mem of State Senator Martin J. Knorr, 1981 NY Legis Ann, at 61.)
The People look for support to cases construing other sections of the Penal Law. In People v Cruz (34 NY2d 362), the defendant was tried for possession and transportation of incendiary bombs under former Penal Law § 265.05 (1), (7). The Court of Appeals stated in passing and without discussion that "the statutory terms — 'incendiary’, 'bomb’ and 'explosive substance’ — are susceptible of reasonable application in accordance with the common understanding of men” (supra, at 370). In People v Valentin (93 Misc 2d 1123), a trial court sustained Penal Law § 265.02 (2) against constitutional challenge holding that the term "incendiary bomb” was not unconstitutionally vague. The Valentin court found that because "incendiary” was not specifically defined, it retained its everyday commonsense meaning, citing People v Cruz (supra).
Here, we have a statute in which the Legislature did not use the term "incendiary device” in a general sense leaving the courts to supply a commonsense meaning. In Penal Law § 150.20 (2), the Legislature wrote, "As used in this section, 'incendiary device’ means” and then outlined specific, defined characteristics of the device. Authorities construing similar words in other statutes and in other contexts are thus unpersuasive. To give the term "incendiary device” a broad commonsense meaning would be to ignore Penal Law § 150.20 (2) and read out of the statute its definitional section. Such a *565 construction would do violence to established principles of statutory construction. (Orange & Rockland Utils. v Amerada Hess Corp., 59 AD2d 110, 115; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 98, 231.)
No authority in a prosecution under Penal Law § 150.20 has given the expansive meaning to the words "incendiary device” advocated by the People. The few reported cases under Penal Law § 150.20 deal with Molotov cocktails and are based on facts which fit easily within the statute. (See, e.g., People v Jones, 119 AD2d 769.) To include in the definition of "incendiary device” an automobile as used here would inject uncertainty into Penal Law § 150.20 and deprive defendants of their constitutional right to notice. (People v Byron, 17 NY2d 64, 66; People v Braunhut, 101 Misc 2d 684, 687.) The precise acts prohibited by a criminal statute should be free of doubt. If the Legislature wishes to raise the penalty for acts of terrorism such as the one charged at bar, then it must once again redraft the first degree arson statute.
Accordingly, the evidence before the Grand Jury was insufficient to make out the crime of arson in the first degree and count one is hereby dismissed.[5]

. From Webster’s New Collegiate Dictionary (1976), "Molotov cocktail: a crude hand grenade made of a bottle filled with a flammable liquid (as gasoline), fitted with a device (as a wick or saturated rag) capable of touching off the liquid and ignited at the moment of hurling.”

. L 1980, ch 152. The first degree arson statute was further modified by Laws of 1981 (ch 71) to insert in subdivision (1) "propelled, thrown or”, and by Laws of 1984 (ch 950) to insert in subdivision (1) "or near” and "or when such explosion or fire either (i) causes serious physical injury to another person other than a participant, or (ii) the explosion or fire was caused with the expectation or receipt of financial advantage or pecuniary profit by the actor”.

. L 1980, ch 152, Bill Jacket.

. L 1980, ch 152, Bill Jacket.

. Arson in the second degree is charged in the indictment on the same facts and thus there is no reason to reduce the charge pursuant to CPL 210.20 (1-a).