■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BRIDGES, Appellant. [687 NYS2d 382] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered April 11, 1996, convicting him of sodomy in the first degree, sexual abuse in the first degree, sexual abuse in the second degree (two counts), sodomy in the second degree, rape in the second degree, sodomy in the third degree, rape in

the third degree, sexual abuse in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of the crimes charged in counts 3 through 9 of the indictment, dismissing those counts of the indictment, and vacating the sentences imposed upon the defendant's convictions under those counts and under the remaining counts of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing upon the defendant's convictions under counts 1, 2, and 12 of the indictment.

The victim of the crimes charged in counts 3 through 9 of the indictment recanted her allegations against the defendant at the trial. The People note that the defendant consented to the admission of her prior statements under oath or in writing to impeach her credibility (*see,* CPL 60.35). However, that evidence was admissible for impeachment only, and not as part of the People's case-in-chief (*see,* CPL 60.35 [2]).

A witness's prior statements can be admitted as part of the People's case-in-chief if, after a hearing, the People "demonstrate by clear and convincing evidence that the defendant, by violence, threats or chicanery, caused a witness's unavailability" (*People v Cotto,* 92 NY2d 68, 75-76). In the instant case, a hearing was not conducted, and there was no ruling or evidence that the defendant, by violence, threats, or chicanery, caused the witness to recant (*see, People v Hamilton,* 70 NY2d 987).

Since there was no competent proof of sexual contact between the witness and the defendant, all counts of the indictment relating to her, including count 9 of the indictment charging endangering the welfare of a child based upon sexual conduct, must be dismissed (*see, People v Crane,* 242 AD2d 783).

In light of the seriousness of the charges being dismissed, we deem it appropriate to vacate all sentences imposed and remit the matter for resentencing on counts 1, 2, and 12, the remaining counts of the indictment under which the defendant was convicted.

The defendant's remaining contentions are either unpreserved for appellate review, without merit (*see, People v Busiello,* 234 AD2d 557), or need not be addressed in light of our determination. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.