■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAHIB SINGH, Appellant. [911 NYS2d 464]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 20, 2008, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, on the facts, and as a matter of discretion in the interest of justice, (1) by reducing the conviction of robbery in the first degree to robbery in the second degree, and (2) by vacating the sentences imposed upon the defendant's convictions under both counts of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant and his codefendant were indicted for robbery in the first degree (*see* Penal Law § 160.15 [4]) and robbery in the second degree (*see* Penal Law § 160.10 [1]). Both counts relate to an incident in which the defendant and the codefendant approached the complainant on the street and robbed him at gunpoint. The codefendant testified, as a witness for the People, that on the evening of the robbery a third person named Tenzin gave him the handgun. The codefendant further testified that he asked Tenzin whether the gun was loaded, and that Tenzin replied that it was not. The codefendant then allegedly removed the clip from the gun, and observed that it contained no bullets. According to the codefendant, just before the robbery took place, the codefendant handed the gun to the defendant, who pointed it at the complainant while they robbed him. As recounted by the codefendant, the defendant returned the gun to the codefendant, and the codefendant discarded it into some bushes as both he and the defendant fled the scene. The gun was never recovered.

The jury was instructed that it was an affirmative defense to robbery in the first degree (*see* Penal Law § 160.15 [4]) that the gun used during the robbery was not loaded. The jury nevertheless found the defendant guilty of, inter alia, robbery in the first degree, and this appeal ensued. We modify.

The defendant concedes, for purposes of the appeal, that the People established the elements of robbery in the first degree. However, he contends that the jury's finding that he failed to establish the affirmative defense that the gun was not loaded is against the weight of the evidence. We agree.

It is an affirmative defense to robbery in the first degree, as defined in Penal Law § 160.15 (4), that the gun displayed during the course of the robbery "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged." The defendant bears the burden of establishing this affirmative defense by a preponderance of the evidence (*see People v Odom*, 278 AD2d 344 [2000]; *see also People v Morales*, 36 AD3d 957 [2007]). The availability of this affirmative defense to robbery in the first

degree "does not depend on whether the defendant himself is the proponent of the partially exculpatory evidence or whether, on the contrary, the evidence emerges in the course of the People's case" (*People v Gayle*, 131 AD2d 365, 366 [1987]).

Upon the exercise of our independent factual review power (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643-644 [2006]), we find that, through the uncontradicted testimony of the codefendant, the defendant met his burden of establishing by a preponderance of the evidence that the gun was not loaded. Accordingly, the defendant's conviction of robbery in the first degree under count one of the indictment must be reduced to robbery in the second degree (*see* CPL 470.15 [2] [a]; *People v Santucci*, 48 AD2d 909 [1975]).

Since the Supreme Court may have taken the seriousness of the defendant's conviction of robbery in the first degree under count one of the indictment into consideration when sentencing him on his conviction of robbery in the second degree under count two of the indictment, we vacate the sentences imposed under both counts and remit the matter to the Supreme Court, Queens County, for resentencing on both counts (*see People v Bridges*, 259 AD2d 557 [1999]; *People v Jackson*, 140 AD2d 458 [1988]). We take no position as to what the sentence should be. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.