■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIGEL ROSE, Appellant. [22 NYS3d 534]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 28, 2013, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's conviction of robbery in the first degree to attempted robbery in the first degree, and by vacating the sentences imposed upon the defendant's convictions of robbery in the first degree and robbery in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the defendant's conviction of attempted robbery in the first degree and resentencing on the defendant's conviction of robbery in the second degree.

The evidence presented at trial established that the defendant, acting in concert with others, lured the victims, Jason Bishop and Daniel Brandt, to the subject location for the purpose of committing a robbery. At least one of the perpetrators announced "this is a robbery," and directed both victims, at gunpoint, to get on the ground. Property was taken from Bishop, but not from Brandt, who was shot after he did not get on the ground. Brandt died as a result of his injuries. The defendant was acquitted of murder in the second degree, but convicted of robbery in the first degree and robbery in the second degree.

As the People correctly concede, the evidence was legally insufficient to establish the defendant's guilt of robbery in the first degree under Penal Law § 160.15 (1), as that crime was charged to the jury. As relevant here, "[a] person is guilty of

robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [c]auses serious physical injury to any person who is not a participant in the crime" (Penal Law § 160.15 [1]). In this case, the Supreme Court instructed the jurors, without objection, that to find the defendant guilty of robbery in the first degree, they had to find, inter alia, that the defendant, acting in concert with at least one other individual, forcibly stole property from Brandt. Where, as here, "the trial court's instructions to the jury increase the People's burden, and the People fail to object, they must satisfy the heavier burden" (*People v Watson*, 121 AD3d 921, 922 [2014]; *see People v Rodriguez*, 22 NY3d 917, 918 [2013]; *People v Malagon*, 50 NY2d 954, 956 [1980]). Inasmuch as the evidence demonstrated that property was only taken from Bishop, the People failed to satisfy their burden as to the count of robbery in the first degree. Although the defendant's legal sufficiency claim as to this count is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Delvillartron*, 120 AD3d 1429, 1430 [2014]). Nevertheless, the evidence presented at trial was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of attempted robbery in the first degree (*see* Penal Law §§ 110.00, 160.15 [1]). Accordingly, we modify the judgment by reducing the defendant's conviction of robbery in the first degree to the lesser included offense of attempted robbery in the first degree, and remit the matter to the Supreme Court for sentencing on the conviction of attempted robbery in the first degree (*see* CPL 470.15 [2] [a]; 470.20 [4]; *People v Ragguete*, 120 AD3d 717, 718 [2014]; *People v Madera*, 103 AD3d 1197, 1198 [2013]; *People v Rivera*, 281 AD2d 155, 155 [2001]).

Since it appears from the record that the Supreme Court may have taken the seriousness of the defendant's conviction of robbery in the first degree into consideration when sentencing him on his conviction of robbery in the second degree, we also vacate the sentence imposed on that conviction and remit the matter to the Supreme Court, Kings County, for resentencing on the conviction of robbery in the second degree (*see People v Boney*, 119 AD3d 701, 703 [2014]; *People v Singh*, 78 AD3d 1080, 1082 [2010]; *People v Bridges*, 259 AD2d 557, 558 [1999]). We express no opinion as to what that sentence or resentence should be.

The defendants' remaining contentions are without merit, or need not be reached in light of our determination. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.