■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EGAN, Appellant. [50 NYS3d 122]—Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Efman, J.), rendered September 30, 2014, convicting him, under Indictment No. 2838-12, of aggravated criminal contempt, criminal contempt in the first degree, and assault in the third degree, upon a jury verdict, and imposing sentence, (2) a

judgment of the same court, also rendered September 30, 2014, convicting him, under Indictment No. 471-13, of criminal contempt in the first degree and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence, and (3) a judgment of the same court, also rendered September 30, 2014, convicting him, under Indictment No. 1406-13, of tampering with a witness in the fourth degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment rendered under Indictment No. 2838-12 is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, that judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing on the convictions under Indictment No. 2838-12; and it is further,

Ordered that the judgments rendered under Indictment Nos. 471-13 and 1406-13 are reversed, as a matter of discretion in the interest of justice, those indictments are dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

By order dated January 13, 2014, the trial court, after a hearing, adjudicated the defendant an incapacitated person and committed him to the custody of the Commissioner of Mental Health for care and treatment pursuant to CPL article 730. By order dated May 13, 2014, the defendant was deemed fit to proceed and was remanded to the custody of the Suffolk County Correctional Facility. His trial proceeded thereafter in August 2014 on three separate indictments.

Indictment No. 471-13 charged the defendant, inter alia, with criminal contempt in the first degree under Penal Law § 215.51 (c), based upon a prior conviction of criminal contempt in the second degree. It is undisputed that four days after the order dated January 13, 2014, adjudicating the defendant an incapacitated person, was issued by the trial court, the charge underlying the predicate conviction of criminal contempt in the second degree was dismissed pursuant to CPL article 730. As a result, that crime could no longer serve as a predicate for the charge of criminal contempt in the first degree under Indictment No. 471-13, and the People correctly concede that this count of that indictment should have been dismissed. Moreover, as the People further correctly concede, upon the dismissal of the sole felony count contained in Indictment No. 471-13, the remaining counts contained in that indictment, all of which were misdemeanors, should also have been dismissed pursuant to CPL 730.50 (1) (b).

■■■■■■■■■■■■■■■■■■■■■■

Moreover, as the People further correctly concede, upon the defendant's acquittal, after a jury trial, of the sole felony count contained in Indictment No. 1406-13, the remaining counts contained in that indictment, all of which were misdemeanors, should have been dismissed (*see* CPL 730.50 [1] [b]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on the counts of aggravated criminal contempt, criminal contempt in the first degree, and assault in the third degree under Indictment No. 2838-12. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the particular circumstances of this case, any prejudice resulting from the introduction of evidence supporting the counts charged under Indictment Nos. 471-13 and 1406-13 was insufficient to nullify the independent, validly secured guilty verdicts on the separate counts charged under Indictment No. 2838-12 (*see People v Brown*, 83 NY2d 791, 794 [1994]; *see also People v Baghai-Kermani*, 84 NY2d 525, 532 [1994]). Nevertheless, in light of the seriousness of the charges being dismissed, we deem it appropriate to vacate the sentences imposed on the convictions of aggravated criminal contempt, criminal contempt in the first degree, and assault in the third degree under Indictment No. 2838-12, and remit the matter to the County Court, Suffolk County, for resentencing on those convictions (*see People v Singh*, 78 AD3d 1080, 1082 [2010]; *People v Bridges*, 259 AD2d 557 [1999]). We express no view as to what the resentence should be.

In light of our determination to remit the matter for resentencing, the defendant's contention that his current sentence is harsh and excessive is academic (*see People v Guay*, 72 AD3d 1201, 1205 [2010]). In light of our determination that Indictment No. 471-13 must be dismissed, the defendant's contention that the trial court improperly imposed a consecutive sentence in connection with that indictment has been rendered academic.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the Federal or State Constitutions (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Brown*, 135 AD3d 870 [2016]).

The defendant's remaining contentions are without merit. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.