■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BURKETTE, Also Known as "KING ALMIGHTY," Appellant. [61 NYS3d 53]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 26, 2012, convicting him of arson in the first degree, criminal possession of a weapon in the first degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the conviction of criminal possession of a weapon in the first degree to criminal possession of a weapon in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant and various codefendants were charged with crimes in connection with a gang-related arson carried out with the use of two Molotov cocktails.

The defendant's challenge to the legal sufficiency of the evidence regarding the corroboration of accomplice testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Echols*, 144 AD3d 702, 702 [2016]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the accomplice testimony was sufficiently corroborated (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 194 [2010]; *People v Sudhan*, 83 AD3d 874, 874 [2011]), and was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of arson in the first degree and conspiracy in the second degree (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of arson in the first degree and conspiracy in the second degree was not against

the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Pelosi*, 128 AD3d 733, 734 [2015]).

However, the evidence was not legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the first degree because it did not demonstrate that the Molotov cocktails used in this case constituted an "explosive substance" within the meaning of Penal Law § 265.04 (1) (*see People v Mc-Crawford*, 47 AD2d 318, 320-321 [1975]; *People v Sullivan*, 39 AD2d 631 [1972]; *People v Getman*, 188 Misc 2d 809, 815 [Chemung County Ct 2001]; *People v Fernandez*, 150 Misc 2d 560, 562-564 [Sup Ct, NY County 1991]). Although the defendant's legal sufficiency claim as to this count is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Rose*, 134 AD3d 1135, 1136 [2015]). Nevertheless, the evidence was legally sufficient to establish the defendant's guilt of the lesser-included offense of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [2]). Accordingly, we reduce the conviction of criminal possession of a weapon in the first degree to criminal possession of a weapon in the third degree, vacate the sentence imposed thereon, and remit the matter to the Supreme Court, Kings County, for the imposition of an authorized sentence for that offense (*see People v Philips*, 120 AD3d 1266, 1267-1268 [2014]).

We agree with the defendant that under the circumstances here, it was improper to admit into evidence a summary chart depicting the gang hierarchy and membership of the gang, which identified the gang's members by name and their associated arrest photos (*see People v Shields*, 100 AD3d 549, 550-551 [2012]; *People v Thomas*, 226 AD2d 1071, 1071 [1996]). Nevertheless, the error was harmless, as the proof of the defendant's guilt of arson in the first degree and conspiracy in the second degree was overwhelming, and there is no significant probability that, but for the error, the verdict would have been less adverse (*see People v Inoa*, 25 NY3d 466, 472 [2015]; *People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Phem*, 73 AD3d 1088 [2010]; *People v Martin*, 54 AD3d 776, 777 [2008]; *People v Rivera*, 192 AD2d 561, 562 [1993]).

The defendant's contention that certain of the prosecutor's remarks on summation constituted reversible error because the prosecutor, among other things, usurped the jury's role as factfinder and engaged in impermissible bolstering of the People's witnesses is unpreserved for appellate review, since, although the defendant objected to most of the comments, he failed to raise any objections to the curative instructions given

by the Supreme Court in response to his objections or to seek a mistrial (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Thomas*, 143 AD3d 1006, 1007 [2016]; *People v Brown*, 139 AD3d 964, 966 [2016]). In any event, the prosecutor's comments were either fair comment on the evidence presented, fair response to the defendant's summation, or permissible rhetorical comment (*see People v Wallace*, 149 AD3d 878 [2017]; *People v Fews*, 148 AD3d 1180 [2017]; *People v Owens*, 129 AD3d 995, 997 [2015]).

The defendant's remaining contention is partially unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.