■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL VAZQUEZ, Also Known as "KING MASSIVE," Appellant. [60 NYS3d 254]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 15, 2012, convicting him of arson in the first degree, criminal possession of a weapon in the first degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the conviction of criminal possession of a weapon in the first degree to criminal possession of a weapon in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The defendant and various codefendants were charged with crimes in connection with a gang-related arson carried out with the use of two Molotov cocktails.

Although the defendant's legal sufficiency claim is unpreserved for appellate review, we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; *People v Rose*, 134 AD3d 1135, 1136 [2015]). We agree with the defendant that the evidence was not legally sufficient to establish his guilt of criminal possession of a weapon in the first degree because it did not demonstrate that the Molotov cocktails constituted an "explosive substance" within the meaning of Penal Law § 265.04 (1) (*see People v McCrawford*, 47 AD2d 318, 320-321 [1975]; *People v Sullivan*, 39 AD2d 631 [1972]; *People v Getman*, 188 Misc 2d 809, 815 [Chemung County Ct 2001]; *People v Fernandez*, 150 Misc 2d 560, 562-564 [Sup Ct, NY County 1991]). Nevertheless, the evidence was legally sufficient to establish the defendant's guilt of the lesser-included offense of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [2]). Accordingly, we reduce the conviction of criminal possession of a weapon in the first degree to criminal possession of a weapon in the third degree, vacate the sentence imposed thereon, and remit the matter to the Supreme Court, Kings County, for the imposition of an authorized sentence for that offense (*see People v Philips*, 120 AD3d 1266, 1267-1268 [2014]).

The defendant correctly contends that the Supreme Court erred by, in effect, permitting the investigating detective in the case to testify as an expert not only regarding the general hierarchy of the gang to which the defendant belonged, but also as to the relationships between specific gang members, which he knew only as a result of his own participation in the investigation. Allowing the detective, who was intimately involved in the investigation into the gang-related arson, to testify as an expert created a danger that he would end up testifying beyond any cognizable field of expertise as an apparently omniscient expositor of the facts of the case, thereby usurping the fact-finding role of the jury (*see People v Inoa*, 25 NY3d 466, 473 [2015]; *People v Melendez*, 138 AD3d 758, 759 [2016]).

It was also improper, under the circumstances here, to admit into evidence a summary chart depicting the gang hierarchy and membership of the gang, which identified the gang's members by name and their associated arrest photos (*see People v Shields*, 100 AD3d 549, 550-551 [2012]; *People v Thomas*, 226 AD2d 1071, 1072 [1996]). Nevertheless, these errors were harmless, as the proof of the defendant's guilt of arson in the first degree and conspiracy in the second degree was overwhelming, and there is no significant probability that, but for the errors, the verdict would have been less adverse (*see People v Inoa*, 25 NY3d at 472; *People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Phem*, 73 AD3d 1088 [2010]; *People v Martin*, 54 AD3d 776, 777 [2008]; *People v Rivera*, 192 AD2d 561, 562 [1993]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.