People v Robinson (2020 NY Slip Op 06151)





People v Robinson


2020 NY Slip Op 06151


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-02590
 (Ind. No. 7/16)

[*1]The People of the State of New York, respondent,
v
John F. Robinson, appellant.


The Law Office of Audrey Thomas PLLC, Rosedale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jared A. Chester and Libbi L. Vilher of counsel; Dallas Park on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered February 23, 2017, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of 17 years to life.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for resentencing in accordance herewith.
Contrary to the defendant's contention, the surveillance video and stills as well as a photo taken from Facebook were properly authenticated. "[A]uthenticity is established by proof that the offered evidence is genuine and that there has been no tampering with it," and "[t]he foundation necessary to establish these elements may differ according to the nature of the evidence sought to be admitted" (People v McGee, 49 NY2d 48, 59; see People v Price, 29 NY3d 472, 476). Here, the surveillance video and still images therefrom were properly authenticated by a detective, who testified that he copied the video from the surveillance system onto two discs and that he verified that the video cameras and recording equipment were in working order. He confirmed that the date and time stamp were accurate, except for a one-hour difference due to daylight savings time. He further testified as to chain of custody and that he obtained the stills from the surveillance footage. The photo obtained from Facebook was authenticated by a Facebook certification, indicating that the account from which the photo came belonged to the defendant (see People v Franzese, 154 AD3d 706).
The defendant's contention that the Supreme Court should have granted a mistrial based on prosecutorial misconduct in the opening and closing statements is unpreserved for appellate review, as the defendant did not move for a mistrial (see CPL 470.05[2]; People v Burkette, 153 AD3d 635; People v Oliver, 87 AD3d 1035). In any event, the prosecutor's opening statement was not objected to and simply outlined the evidence she planned to introduce and what she expected the evidence to show (see People v Kurtz, 51 NY2d 380; People v Celdo, 291 AD2d 357; People v Etoria, 266 AD2d 559; CPL 260.30[3]). Likewise, the prosecutor's summation elicited only one [*2]nonspecific objection, and consisted of fair comment on the evidence (see People v Ashwal, 39 NY2d 105; People v Carmichael, 170 AD3d 742; People v Herb, 110 AD3d 829). There is no merit to the defendant's claim of a Bruton error (see Bruton v United States, 391 US 123), as no statement from any codefendant was admitted at trial.
The defendant's legal sufficiency challenge is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, cert denied 542 US 946; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Because the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's claim that the evidence presented to the grand jury was legally insufficient (see People v Placek, 173 AD3d 774; People v Gatewood, 124 AD3d 910; People v Barton, 110 AD3d 1089; People v Birot, 99 AD3d 933).
The defendant's contention that the Supreme Court should have granted his request for a continuance so that he could retain another attorney is based on matter dehors the record (see People v Frazier, 140 AD3d 977; People v Boyce, 118 AD3d 1016). Likewise, the defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a postconviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion are not properly before us because the defendant was denied leave to appeal from the order denying that motion (see People v Vale, 177 AD3d 685; Pole v Lowe, 166 AD3d 901; People v Williams, 156 AD3d 920; People v Coleman, 125 AD3d 879).
As the People concede, the defendant was improperly adjudicated a persistent violent felony offender, as he committed his second violent felony offense prior to the time when he was sentenced for his first felony conviction (Penal Law § § 70.08[1], 70.04[1][b][ii]; CPL 400.16 [2]; see People v Morse, 62 NY2d 205; People v Ritorto, 125 AD3d 896; People v Cooper, 245 AD2d 569). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Nassau County, for resentencing.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court