People v Lander
2026 NY Slip Op 03980
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Darnell C. Lander, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-02243, 2023-11815, (Docket No. 70019/22)
Lara J. Genovesi, J.P.
Deborah A. Dowling
Janice A. Taylor
Lisa S. Ottley, JJ.

Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

[*1]
DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Dutchess County (IDV Part) (Tracy C. MacKenzie, J.), rendered February 8, 2023, convicting him of criminal contempt in the second degree (three counts), upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court rendered November 1, 2023, revoking the probation component of a split sentence of imprisonment and probation previously imposed, upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his conviction of criminal contempt in the second degree under count 2.
ORDERED that the judgment and the amended judgment are affirmed.
The defendant was convicted, after a jury trial, of three counts of criminal contempt in the second degree, and the Supreme Court imposed a split sentence of imprisonment and probation on one count. Subsequently, it was alleged that the defendant violated conditions of his probation. The court found, upon the defendant's admission, that the defendant violated a condition of his probation, revoked the probation component of the split sentence, and imposed a sentence of imprisonment. The defendant appeals from the judgment and the amended judgment.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal, which failed to specify any particular error (see People v McCutchen, 248 AD3d 827, 830; People v Stone, 185 AD3d 967, 968; People v Braswell, 181 AD3d 818, 818). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Boucarut, 186 AD3d 617, 617-618; People v Egan, 148 AD3d 1048, 1050; People v James, 135 AD3d 787, 788). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Macas, 238 AD3d 785, 786; People v McManus, 219 AD3d 636, 637). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348-[*2]349; People v Romero, 7 NY3d 633).
The defendant's contention that the complainant was improperly permitted to testify about uncharged crimes is unpreserved for appellate review, as the defendant failed to object to the alleged errors at trial (see People v Jackson, 246 AD3d 761, 763; People v Moron, 237 AD3d 973, 974; People v Mata, 174 AD3d 647, 648; People v Dahlbender, 23 AD3d 493, 494; People v Bolling, 157 AD2d 733, 734). In any event, the uncharged crimes testified to were directly relevant to the nonpropensity issue of intent and provided relevant background information to the jury to understand the relationship between the complainant and the defendant, and therefore, had a nonpropensity purpose (see People v Sease, 229 AD3d 810, 810-811; People v Gilchrist, 216 AD3d 816).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record (see People v Persaud, 235 AD3d 1006, 1010; People v Yancey, 204 AD3d 1044, 1045), and, thus, constitutes a mixed claim of ineffective assistance (see People v Padilla-Padilla, 233 AD3d 711, 711; People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Padilla-Padilla, 233 AD3d at 711; People v Brown, 217 AD3d 681, 682).
The defendant's contention that the procedure surrounding his admission to a violation of a condition of his probation rendered the admission invalid is unpreserved for appellate review (see People v Porter, 226 AD3d 706, 706; People v Mestric, 173 AD3d 1218, 1218; People v Heine, 122 AD3d 644, 645). In any event, the record indicates that the Supreme Court informed the defendant of the sentence he faced and asked the defendant if he was being forced, coerced, threatened, or pressured to go forward with the admission, to which the defendant responded, "No." The record also demonstrates that the defendant and his attorney consulted during the admission and, after this consultation, the defendant answered that he understood the conditions of probation and admitted to violating condition 12 by consuming alcohol. Accordingly, the record establishes that the defendant's admission was knowing, voluntary, and intelligent (see People v Caporaso, 248 AD3d 941; People v Pichardo-Ramirez, 235 AD3d 902, 904).
GENOVESI, J.P., DOWLING, TAYLOR and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court