■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CALDWELL, Appellant. [602 NYS2d 14] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered January 15, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

At the time that the People called the police chemist to the stand, the trial court advised the jury in relevant part that "[y]ou don't have to automatically accept the opinion of an expert. You can reject it, if there's a reason in the record to do that." Defendant contends that this instruction, in effect, required the jury to provide some reason for not believing the chemist, and thereby intruded upon the jury's right to decide whether to credit her testimony and reduced the prosecution's burden of proof. The argument, however, is not preserved for appellate review since trial counsel did not object to the court's statement (CPL 470.05 [2]). In any event, the isolated comment in question did not impermissibly shift the burden of proof, since the People's burden of proof and the evaluation of the credibility of all of the witnesses, including that of a person in an official position, were adequately explained in the court's charge viewed as a whole *(see, People v Jones,* 173 AD2d 487, *lv denied* 78 NY2d 923; *People v Flecha,* 161 AD2d 116, *lv denied* 76 NY2d 856), and defendant does not claim otherwise. *People v Antommarchi* (80 NY2d 247) does not support defendant's argument that he was deprived of a fair trial. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.