THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE COUNCIL, Appellant. [859 NYS2d 152]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at initial severance motion; Bonnie G. Wittner, J., at renewed severance motion, jury trial and sentence), rendered January 16, 2007, convicting defendant of conspiracy in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established the elements of second-degree conspiracy (*see People v Ozarowski*, 38 NY2d 481, 489 [1976]). It is a reasonable inference from the evidence that defendant's involvement in a large-scale drug-selling operation was significant, and that he was not merely an independent street-level dealer who obtained his supply of drugs from the conspirators.

The motion and trial courts properly denied defendant's motion to sever his case from that of his codefendants (*see* CPL 200.40 [1] [d] [iii]). Evidence relating to the acts of the codefendants was admissible against defendant and necessary to prove conspiracy, and defendant did not establish good cause for a severance.

The court properly admitted evidence that defendant threat-

ened a witness during trial, even though the witness only testified about acts of the codefendants. Given defendant's relationship with his codefendants and the overlap of evidence, this threat was probative of defendant's consciousness of guilt (*see People v Rosario*, 309 AD2d 537, 538 [2003], *lv denied* 1 NY3d 579 [2003]; *People v Major*, 243 AD2d 310 [1997], *lv denied* 91 NY2d 928 [1998]). Defendant's argument regarding the court's jury instruction on this evidence is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the instruction was appropriate.

The record supports the conclusion that defendant consented to submission of statutory materials to the jury pursuant to CPL 310.30 (*see People v Brown*, 90 NY2d 872, 874 [1997]; *People v Brown*, 17 AD3d 283, 284-285 [2005], *lv denied* 5 NY3d 804 [2005]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.