*550 Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered September 21, 2010, as amended September 23, 2010, convicting defendant Kenneth Law, after a jury trial, of enterprise corruption, scheme to defraud in the first degree, conspiracy in the fifth degree, grand larceny in the first degree and five counts of grand larceny in the second degree, and sentencing him to an aggregate term of 5 to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the enterprise corruption conviction and all larceny convictions to terms of 3 to 9 years, resulting in a new aggregate term of 3 to 9 years, and otherwise affirmed. Judgment, same court, Justice and dates, convicting defendant Eric Shields, after a jury trial, of enterprise corruption, scheme to defraud in the first degree, conspiracy in the fifth degree, grand larceny in the first degree and three counts of grand larceny in the second degree, and sentencing him to an aggregate term of SVa to 16Vs years, unanimously affirmed.
The verdicts as to both defendants were based on legally sufficient evidence and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). The jury could have reasonably found that the accomplice testimony was both credible and adequately corroborated, and that the evidence established defendants’ participation in the fraudulent transactions with knowledge of their fraudulent nature.
In this lengthy, multidefendant trial, the court properly exercised its discretion when it imposed reasonable limits on cross-examination. Defendants were not deprived of their rights to present a defense and to confront witnesses (see Delaware v Van Arsdall, 475 US 673, 678 [1986]). The court permitted defendants to delve into all appropriate subject matters, and only precluded questioning that was cumulative, excessively lengthy, speculative, improper in form, or of questionable relevance. Defendants were permitted to conduct effective cross-examinations, and were not prejudiced by the court’s limitations, which did not interfere with their ability “to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witnesses” (Davis v Alaska, 415 US 308, 318 [1974]).
The court properly exercised its discretion in admitting into evidence the summary charts prepared by the People’s investiga *551 tor. The charts assisted the jury in evaluating the voluminous evidence, and the alleged defects in the charts did not affect their admissibility. The court carefully instructed the jury that the charts were not independent evidence, but were valid only insofar as the jury concluded that they were accurately based on the evidence in the record (see e.g. United States v Casamento, 887 F2d 1141, 1151 [2d Cir 1989], cert denied 493 US 1081 [1990]). Given the limited role of these charts, the court’s restrictions on defendants’ cross-examination of the investigator who prepared the charts were appropriate and nonprejudicial.
There is no support for the claim that the People introduced evidence that they knew or should have known was false.
The court properly denied defendant Law’s motion to sever his case from that of his codefendants (see CPL 200.40 [1] [d] [iii]). Evidence relating to the acts of the codefendants was admissible against defendant and necessary to prove the charged offenses, and defendant did not establish good cause for a severance (see People v Council, 52 AD3d 222 [1st Dept 2008], lv denied 11 NY3d 735 [2008]).
We find defendant Law’s sentence excessive to the extent indicated. We perceive no basis for reducing defendant Shields’s sentence.
Defendants’ remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur — Friedman, J.P, Moskowitz, Freedman, Richter and Abdus-Salaam, JJ.