■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINNDALE POLK, Appellant. [988 NYS2d 172]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 9, 2005, convicting defendant, after a jury trial, of four counts of murder in the second degree and two counts of kidnapping in the first degree, and sentencing him to an aggregate term of 50 years to life, unanimously affirmed.

This prosecution stems from the robbery, kidnapping and murder of Juan Martin Del Campo and Gabriel Chantes Rosales (Chantes). The evidence at trial was subject to little dispute and consisted primarily of defendant's written and videotaped confession. On the morning of May 16, 2001, the bodies of Del Campo and Chantes were found in Riverside Park near West 152nd Street in Manhattan. Each victim had been shot in the head. Del Campo and Chantes had last been seen leaving the restaurant where they worked in Little Falls, New Jersey on May 15, 2001 at about 10:25 p.m. According to defendant's confession, the victims were confronted in the restaurant's parking lot by defendant and Lamar Lee, his accomplice, as they were standing alongside of Del Campo's Jeep. At gunpoint, defendant and Lee stole $60 and a watch from Del Campo and $10 from Chantes. The victims were forced into the Jeep from which defendant removed a cell phone. Defendant and Lee then forcibly drove Del Campo and Chantes from the parking lot, then across the George Washington Bridge to Riverside Park where Lee fatally shot them. After killing the victims, defendant and Lee drove back to New Jersey in the Jeep. Defendant also admitted to using the cell phone following the murders.

With respect to each victim, the jury convicted defendant of one count of kidnapping as well as two felony murder counts that were predicated on kidnapping and robbery, respectively. The jury, however, found that the court lacked territorial jurisdiction with respect to the two robbery counts set forth in the indictment.

The trial court instructed the jury that the prosecution was

required to establish the State's territorial jurisdiction by a preponderance of evidence. As the People concede, the charge was erroneous in this regard.[1] On the contrary, the People were required to establish the State's territorial jurisdiction by proof beyond a reasonable doubt (*see People v McLaughlin*, 80 NY2d at 470). Moreover, territorial jurisdiction is not waivable (*id.* at 471). Our analysis, however, does not end with a citation to *McLaughlin*. The issue before us involves the trial court's charge on jurisdiction as opposed to jurisdiction itself. Although a challenge to a court's territorial jurisdiction cannot be waived, a claim of error in a court's instructions on the subject requires preservation by way of an appropriate objection at the court of first instance. Nonetheless, the requirement of preservation is subject to an exception that exists for "mode of proceedings" errors that consist of the most fundamental flaws implicating jurisdictional matters or constitutional rights that go to the very heart of the criminal justice process (*see People v Hanley*, 20 NY3d 601, 604-605 [2013]). Defendant asserts that the mode of proceedings exception applies here.

*People v Carvajal* (6 NY3d 305 [2005]), a case involving an interstate drug operation, is illustrative. In *Carvajal*, the Court noted that the defendant had "relinquished his opportunity to hold the People to their burden of proof, and did not preserve his current contention that the jury should have decided whether the People proved jurisdiction beyond a reasonable doubt" (*id.* at 311-312). Citing *People v Greenberg* (89 NY2d 553 [1997]), the *Carvajal* Court aptly observed that "a defendant's failure to request a jury charge on territorial jurisdiction amounts to waiver of a jury charge claim, that failure does not amount to waiver of the fundamental question whether—as a matter of law—this State has the power to hear the case" (*id.* at 312). In this case, it is undisputed that defendant did not object to the trial court's erroneous charge on the burden of proof with respect to territorial jurisdiction. Guided by *Carvajal*, we find that defendant was required, but failed, to preserve his present challenge to the trial court's charge on jurisdiction. We further decline to review defendant's challenge in the interest of justice. As an alternative holding, we find that the error was harmless because the charge on territorial jurisdiction could have only affected the verdict on the dismissed robbery counts.

Defendant has similarly failed to preserve for our review his contention that the court "diluted the prosecution's burden of

---

1. In order for a court of the State to exercise criminal jurisdiction, "either the alleged conduct or some consequence of it must have occurred within the State" (*People v McLaughlin*, 80 NY2d 466, 471 [1992], citing CPL 20.20).

proof" by "suggesting" that he was obligated to prove that he had detached himself from Lee's actions (*see e.g. People v Melendez*, 16 NY3d 869 [2011]) and we decline to review it in the interest of justice.[2] The contention lacks merit, in any event. The court specifically instructed the jury that "[a] defendant is not required to prove he is not guilty or to prove anything" and that "the burden of proof never shifts to the defendant." The jurors are presumed to have followed the court's instructions on the law (*People v Baker*, 14 NY3d 266, 274 [2010]). Accordingly, notwithstanding defendant's interpretation, the charge did not expressly or implicitly shift or reduce the prosecution's burden of proof. We are also not persuaded by defendant's criticism of isolated portions of the court's charge on felony murder and acting in concert. The entire charge, taken as a whole, conveyed the correct standards to the jury (*see e.g. People v Medina*, 18 NY3d 98, 104 [2011]).

Defendant next argues that his conviction of felony murder predicated on robbery is repugnant to the jury's finding that the court lacked territorial jurisdiction under the robbery counts. The argument is unpersuasive. A person commits felony murder when "[a]cting either alone or with one or more other persons, he commits or attempts to commit" an enumerated felony, such as robbery, "and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants" (Penal Law § 125.25 [3]). Pursuant to CPL 20.20 (1) (a), a person may be prosecuted in New York for an offense when an element of the offense occurred within the State. Accordingly, an element of felony murder occurs in New York when a homicide is committed in the State in immediate flight from a robbery or another designated felony even if it is committed in another state (*see People v Stokes*, 88 NY2d 618, 625 [1996]). In this case, the jury heard evidence that defendant and Lee held the victims captive during the entire time that intervened between the robberies in New Jersey and the murders in New York. There was also proof that defendant and Lee could have driven the victims from the restaurant's parking lot to the site of the murders within as little as 25 to 40 minutes. Although distance and time are factors to be considered, they are not determinative of the issue of

---

2. On this point, defendant asserts that with respect to the kidnapping counts and the felony murder counts predicated on kidnapping, he never shared "Lee's intent to prevent the liberation" of Del Campo or Chantes. This claim is refuted by defendant's admission that upon exiting the Jeep in Riverside Park, he held Del Campo while Lee took hold of Chantes.

"immediate flight" (*see People v Donovan*, 53 AD2d 27, 33-34 [3d Dept 1976]). Accordingly, there is no repugnancy between defendant's conviction of felony murder predicated on robbery and the finding of no jurisdiction with respect to the underlying robbery counts. As set forth in his brief, defendant makes no claim that his conviction of kidnapping-based felony murder count was repugnant.

We reject defendant's claim that his sentence is excessive. We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.