THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN VIDRO, Appellant. [48 NYS3d 594]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered May 22, 2014, as amended July 22, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of four years, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence and the confirmatory identifications made by undercover police officers. The arresting officer had probable cause to arrest defendant under the fellow officer rule because "the radio transmission [of] the undercover officer . . . provided details of the defendant's race, sex, clothing, as well as his location and the fact that a 'positive buy' had occurred" and defendant was the only person in the area who matched the description at the location (*see People v Young*, 277 AD2d 176, 176-177 [1st Dept 2000], *lv denied* 96 NY2d 789 [2001]). Although the arresting officer did not testify at the suppression hearing, "the only rational explanation for how defendant came to be arrested . . . is that [the arresting officer] heard the

radio communication [heard by the testifying officer] and apprehended defendant on that basis" (*People v Poole*, 45 AD3d 501, 502 [1st Dept 2007], *lv denied* 10 NY3d 815 [2008] [internal quotation marks and citation omitted]; *People v Myers*, 28 AD3d 373 [1st Dept 2006], *lv denied* 7 NY3d 760 [2006]). The inference of mutual communication (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]) does not turn on what kind of radios the officers were using, or how well the radios were working, but on the simple fact that, without hearing the radio transmission, the arresting officer would have had no way of knowing where to go or whom to arrest.

Defendant's challenges to the prosecutor's summation are entirely unpreserved because, during the summation, defendant made only unspecified generalized objections. Although defendant's postsummation mistrial motion made some specific claims, this was insufficient to preserve those issues, which should have been raised during the summation (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v LaValle*, 3 NY3d 88, 116 [2004]). We decline to review any of defendant's challenges to the summation in the interest of justice. Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ.