# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

587
KA 14-00060
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

STEPHEN C. DAGGETT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DANIELLE C. WILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 30, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]). He was acquitted of a greater charge of attempted assault in the first degree (§§ 110.00, 120.10 [1]). At trial, it was undisputed that defendant stabbed the victim with an object, identified at times as a stick or a fire poker, causing injuries. In his statements to law enforcement officers as well as his testimony before the grand jury, all of which were admitted in evidence at trial, defendant contended that he stabbed the victim in self-defense, alleging that the victim and two others were threatening to attack him. On appeal, defendant contends that Supreme Court erred in several respects when instructing the jury on the justification defense.

First, he contends that the court impermissibly reduced the People's burden of proof when it instructed the jury that, in order to find that the People had failed to disprove the defense of justification, the jury had to find that the victim "*and* others" were using or about to use deadly physical force on defendant, rather than using the words "or others" (emphasis added). Defendant failed to object to the charge as given to the jury, and his contention that the justification charge impermissibly reduced the People's burden of proof is subject to the rules of preservation (*see People v Benjamin*, 204 AD2d 996, 996, *lv denied* 83 NY2d 1002; *see also People v Polk*, 118 AD3d 564, 565-566, *lv denied* 23 NY3d 1066; *People v Caldwell*, 196 AD2d

760, 761, *lv denied* 82 NY2d 892; *People v Vasquez*, 176 AD2d 444, 444, *lv denied* 79 NY2d 865; *see generally People v Autry*, 75 NY2d 836, 839; *People v Thomas*, 50 NY2d 467, 471-472).  In any event, even assuming, arguendo, that the court used an "obviously incorrect word[]" when it charged the jury in the conjunctive versus the disjunctive (*People v Murphy*, 128 AD2d 177, 185, *affd* 70 NY2d 969), we conclude that any error is harmless inasmuch as defendant, in his admissions, repeatedly contended that the victim and two others were threatening to attack him (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  We thus conclude that defendant failed to establish that defense counsel was ineffective in failing to object to the court's use of that word inasmuch as there was a legitimate reason for defense counsel's failure to object to the charge as given (*see People v Rivera*, 71 NY2d 705, 709; *see also People v Carter*, 21 AD3d 1295, 1296, *affd* 7 NY3d 875).

Defendant's second challenge to the court's instruction on justification is that the court erred in failing to instruct the jury that defendant had no duty to retreat in his dwelling.  Inasmuch as defendant failed to request such an instruction or object to the instruction as given, he has failed to preserve his contention for our review (*see People v Fagan*, 24 AD3d 1185, 1187; *People v Shaut*, 261 AD2d 960, 961, *lv denied* 93 NY2d 1045; *People v Sanchez*, 131 AD2d 606, 608, *lv denied* 70 NY2d 717).  In any event, we conclude that his contention lacks merit because there is no reasonable view of the evidence that defendant was in his dwelling at the time of the assault (*see People v Aiken*, 4 NY3d 324, 329-330).  We thus likewise reject defendant's contention that defense counsel was ineffective in failing to request such an instruction or object to the instruction as given (*see e.g. People v Johnson*, 136 AD3d 1338, 1339, *lv denied* 27 NY3d 1134; *People v Peterkin*, 89 AD3d 1455, 1456-1457, *lv denied* 18 NY3d 885).

Defendant's third challenge to the justification charge is that the court erred in failing to instruct the jury that it was to cease deliberating and report a verdict of not guilty on all counts if it found defendant not guilty by reason of justification on the top count (*see generally People v Castro*, 131 AD2d 771, 773-774).  Defendant, however, failed to request such an instruction or object to the instruction as given and thus failed to preserve that contention for our review (*see People v Velez*, 131 AD3d 129, 133; *People v Palmer*, 34 AD3d 701, 703-704, *lv denied* 8 NY3d 848; *People v Green*, 32 AD3d 364, 365, *lv denied* 7 NY3d 902).  We note, however, that there was "overwhelming evidence disproving justification, including forensic evidence [disproving defendant's version of the events] and the testimony of [a] . . . witness who observed the incident," and we decline to exercise our power to reach the issue as a matter of discretion in the interest of justice (*Palmer*, 34 AD3d at 703-704; *see* CPL 470.15 [6] [a]).  We further conclude that defense counsel was not ineffective in failing to request such an instruction or object to its absence.  The absence of such an instruction did not, in our view, " 'deprive defendant of a fair trial or affect the outcome' " (*People v Jackson*, 140 AD3d 1771, 1772, *lv denied* 28 NY3d 931; *see generally*

*People v Caban*, 5 NY3d 143, 152).

Defendant further contends that the court should have precluded the People from using at trial the oral statements he made during a recorded interview at the police station because the People's CPL 710.30 notice was untimely. Although defendant did not receive a copy of the DVD within the 15-day time period required by CPL 710.30 (2), he filed a motion to suppress the contents of the DVD after expiration of the 15-day period and before he actually received a copy of the DVD. By moving for suppression at a time when he was aware of the People's failure to comply with the 15-day period, defendant waived his right to challenge the People's failure to comply with that time period (*see* CPL 710.30 [3]; *see generally People v Bernier*, 141 AD2d 750, 751-752, *affd* 73 NY2d 1006).

Defendant also contends that the court should have precluded the People from using the statements at trial because the CPL 710.30 notice was defective inasmuch as it identified the incorrect officer to whom defendant's statements were made. We reject that contention. On the first day of the suppression hearing, i.e., after defendant had moved to suppress the statements on the DVD, defense counsel noted that the defense had only recently been given a copy of the DVD. Until that time, defense counsel was not aware that the CPL 710.30 notice had listed the wrong officer. Defense counsel thus sought preclusion based on that previously unknown defect. We reject the People's contention that, by his earlier motion to suppress, defendant waived his right to challenge a defect in the CPL 710.30 notice of which he could not have been aware at the time the suppression motion was filed (*see Bernier*, 73 NY2d at 1008; *People v Miles*, 163 AD2d 330, 331-332). Nevertheless, we conclude that the court properly denied the motion to preclude. It is well settled that "the primary purpose of the notice requirement is to implement the constitutional guarantees by alerting the defendant to the possibility that evidence identifying him as the person who committed the crime may be constitutionally tainted and subject to a motion to suppress" (*People v Collins*, 60 NY2d 214, 219). Here, the notice served that purpose inasmuch as defendant was able to, and did, timely move to suppress the statements in the DVD. The incorrect name of the officer who conducted the interview did not change the substance of the notice or the ability of defense counsel to make a timely motion for a hearing (*see People v Ocasio*, 183 AD2d 921, 922-923, *lv denied* 80 NY2d 932).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation, identifying two particular statements that he contends denigrated the defense and constituted improper vouching for a witness. That contention is not preserved for our review (*see People v Simmons*, 133 AD3d 1275, 1277, *lv denied* 27 NY3d 1006; *People v Smith*, 11 AD3d 899, 900, *lv denied* 3 NY3d 761) and, in any event, it lacks merit. We conclude that the prosecutor's conduct "was not so egregious as to deny defendant a fair trial" (*People v White*, 291 AD2d 842, 843, *lv denied* 98 NY2d 656; *see People v Choi*, 137 AD3d 808, 810, *lv denied* 27 NY3d 1130).

Viewing the evidence in light of the elements of the crime as

charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We have reviewed defendant's remaining challenges to the effectiveness of counsel and conclude that they lack merit.  The "evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Entered:  May 5, 2017                    Frances E. Cafarell
                                         Clerk of the Court