People v Patterson (2019 NY Slip Op 07203)





People v Patterson


2019 NY Slip Op 07203


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


955 KA 15-01250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAKWAN PATTERSON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered May 13, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in denying his request for a jury charge on the defense of justification to prevent a robbery. We reject that contention, and therefore we affirm.
Defendant was convicted of murder arising from an incident occurring outside a convenience store in Rochester, in which he shot the victim after a verbal confrontation. The evidence at trial, including the soundless surveillance footage from the store's security camera, establishes that the victim and two other men were standing outside of the store, and the victim said something to defendant as he opened the door to the store. After a brief conversation with the victim, defendant then walked away from the store, crossing the sidewalk and the lane of traffic nearest the store, while the victim and the two men with him did not move. After crossing the center line of the street, however, defendant removed a handgun from his pocket, reversed course, returned to the sidewalk near the storefront, and shot the victim two times. The victim had one empty hand visible and the other remained in his pocket until after the shooting. Defendant testified that he believed that the victim was going to rob him, based on defendant's testimony that the victim said "[y]ou know what time it is" to defendant during their discussion. In addition, a prosecution witness testified that the victim said to defendant, as defendant initially walked away, "[w]hen you come back, bring everything you have." Defendant testified that he interpreted those statements as meaning that the victim was about to rob him. The court granted defendant's request for an instruction on justification pursuant to Penal Law § 35.15 (2) (a), but refused to charge subdivision (2) (b) regarding justification in defense of a robbery.
Initially, we conclude that defendant's contention is preserved for our review. The charge conference was conducted off the record in chambers, but the court placed on the record its determination to give the instruction on justification under Penal Law § 35.15 (2) (a), and defense counsel noted for the record that he had also requested a charge under subdivision (b), which the court denied. Thus, "[i]t is true that the defense lawyer[] never said on the record we object to this [ruling],' but [he] did not have to, because [his] objection was clear from the . . . summary of [his] position. Because the trial judge was made aware, before he ruled on the issue, that the defense wanted him to rule otherwise, preservation was adequate" (People v Caban, 14 NY3d 369, 373 [2010]; cf. People v Daggett, 150 AD3d 1680, 1682 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]; see generally People v Torres [appeal No. 1], 97 AD3d 1125, 1126 [4th Dept 2012], affd 20 NY3d 890 [2012]).
With respect to the merits of defendant's contention, it is well settled that, "[i]n determining whether a justification instruction is required, the court must view the evidence in the light most favorable to defendant . . . and, if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified, the failure to charge the defense constitutes reversible error' " (People v Brown, 169 AD3d 1488, 1488-1489 [4th Dept 2019]; see generally People v Petty, 7 NY3d 277, 284 [2006]; People v McManus, 67 NY2d 541, 549 [1986]). Thus, a court confronted with a request to charge justification in defense of a robbery must first determine whether there is a reasonable view of the evidence that "the defendant had the requisite beliefs under section 35.15[ (2) (b)], that is, whether he believed deadly force was necessary to avert the . . . commission of one of the felonies enumerated therein[, and] whether . . . , in light of all the circumstances', . . . a reasonable person could have had these beliefs" (People v Goetz, 68 NY2d 96, 115 [1986]).
Here, we reject defendant's contention that a reasonable person could have believed that the victim was "committing or attempting to commit a . . . robbery" at the time defendant fired his weapon (Penal Law § 35.15 [2] [b]). Initially, we note that the two statements on which defendant relies are equivocal inasmuch as both could be interpreted as either that the victim said he was going to rob defendant, or that the victim threatened to shoot defendant for disrespecting him if he returned to the victim's location. More importantly, regardless of whether defendant's belief would have been reasonable at an earlier point in time, and "[e]ven if defendant's trial testimony establishes that he actually believed that the victim was [preparing to rob] him with a weapon . . . , there is no reasonable view of the evidence that a reasonable person in . . . defendant's circumstances would have believed' the victim to [be committing or attempting to commit a robbery at the time of the shooting]. Put simply, the surveillance footage reflects that defendant's [shooting] of the victim with the [handgun] cannot be considered" to have been to prevent a robbery (People v Sparks, 29 NY3d 932, 935 [2017]; see People v Richardson, 174 AD3d 1535, 1536 [4th Dept 2019]; People v Sadler, 153 AD3d 1285, 1286 [2d Dept 2017], lv denied 30 NY3d 1022 [2017]). Thus, we conclude that "[t]he court properly refused to include in its justification charge an instruction on the use of deadly physical force to prevent the commission of a robbery (Penal Law § 35.15 [2] [b]). There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that at the time of the assault the victim was using or threatening the immediate use of force to obtain [property]" (People v Green, 32 AD3d 364, 365 [1st Dept 2006], lv denied 7 NY3d 902 [2006]; see People v Owens, 256 AD2d 1220, 1222 [4th Dept 1998], lv denied 93 NY2d 877 [1999]; People v Irving, 234 AD2d 31, 31 [1st Dept 1996], lv denied 89 NY2d 924 [1996]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court