People v Irvin (2020 NY Slip Op 05299)





People v Irvin


2020 NY Slip Op 05299


Decided on October 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 01, 2020

Before: Kapnick, J.P., Gesmer, González, Scarpulla, JJ. 


Ind No. 4884/15 Appeal No. 11918 Case No. 2018-2217 

[*1]The People of the State of New York, Respondent,
v
Lature Irvin, Sr., Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr. District Attorney, New York (Deborah L. Morse of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 2, 2017, convicting defendant, after a jury trial, of conspiracy in the second degree and 10 counts of criminal sale of a controlled substance in the first degree, and sentencing him to an aggregate term of 40 years, unanimously affirmed.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant has not established that, on this particular record, the reason given by the prosecutor for a certain peremptory challenge actually reflected a racial stereotype. Accordingly, the court correctly determined that the prosecutor provided race-neutral reasons for all the challenges at issue. The record also supports the court's finding that these race-neutral reasons were not pretextual. This finding is entitled to great deference (see People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Defendant did not preserve his claims of disparate treatment by the prosecutor of similarly situated panelists (see People v Toliver, 102 AD3d 411, 412 [1st Dept 2013], lv denied 21 NY3d 1011 [2013]), and we decline to review these claims in the interest of justice. As an alternative holding, we find them unavailing.
The court properly denied defendant's motion to suppress his statement. The record supports the hearing court's finding that, under the totality of circumstances, defendant did not make an unequivocal assertion of his right to counsel (see People v Glover, 87 NY2d 838 [1995]). When defendant requested to put his lawyer on speakerphone, and the interviewing Assistant District Attorney replied that defendant's request would be honored, defendant immediately abandoned that request. Instead, defendant clarified that what he really wanted was to speak to family members, which he proceeded to do.
The evidentiary rulings at issue on appeal were provident exercises of the trial court's discretion. In each instance, the record supports the court's finding that defendant opened the door to the challenged evidence. In any event, neither ruling resulted in any undue prejudice.
We perceive no basis for reducing the sentence, or directing that it run concurrently with defendant's sentence in an unrelated out-of-state case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 1, 2020