People v Mason (2023 NY Slip Op 00931)

People v Mason

2023 NY Slip Op 00931

Decided on February 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 16, 2023

Before: Renwick, J.P., Oing, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 4884/15 Appeal No. 17348-17349 Case No. 2018-2734 2018-02946 

[*1]The People of the State of New York, Respondent,
v
Darryl Mason, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Lloyd McKenzie, Defendant-Appellant.

Stephen N. Preziosi, P.C., New York (Stephen N. Preziosi of counsel), for Darryl Mason, appellant.
Law Office of James Kousouros, New York (James Kousouros of counsel), for Lloyd McKenzie, appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered November 2, 2017, as amended December 19, 2017, convicting defendant Darryl Mason of conspiracy in the second degree, operating as a major drug trafficker and criminal sale of a controlled substance in the first degree (four counts), and sentencing him to an aggregate term of 40 years to life, unanimously affirmed. Judgment, same court and dates (Edward J. McLaughlin, J. at suppression motion; Maxwell Wiley, J. at renewed suppression motion, jury trial and sentencing), convicting defendant Lloyd McKenzie of murder in the second degree, conspiracy in the second degree, operating as a major drug trafficker, criminal possession of a controlled substance in the first degree (10 counts), criminal possession of a controlled substance in the third degree (10 counts) and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 85 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence on the murder conviction be served concurrently with all other sentences, resulting in a new aggregate term of 60 years to life, and otherwise affirmed.
We reject the arguments regarding the sufficiency and weight of the evidence made by defendant McKenzie (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Whitehead, 29 NY3d 956 [2017]). Accomplice testimony was amply corroborated (see generally People v Reome, 15 NY3d 188, 194 [2010]). Moreover, we find that the evidence of guilt as to both defendants was overwhelming; accordingly, insofar as harmless error analysis is applicable to any of the issues on appeal, we find that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Both defendants' arguments as to the Batson claim challenging the People's peremptory strikes against black women are unpreserved, other than Mason's arguments as to the prosecutor's stated race- and gender-neutral reasons for striking three of the panelists (see People v James, 99 NY2d 264, 272 [2002]), and we decline to review them in the interest of justice. Alternatively, we reject both defendants' preserved or unpreserved arguments as to the Batson claim. We note that on a prior appeal by another jointly tried codefendant (People v Irvin, 187 AD3d 417, 417 [1st Dept 2020], lv denied 36 NY3d 1051 [2021]), raising essentially the same Batson claim, this Court found that the record supported the trial court's finding that the prosecutor's race- and gender-neutral reasons were not pretextual, and that the prior defendant failed to show disparate treatment by the prosecutor of similarly situated panelists. Defendants have not shown any reason to reach a different result here.
McKenzie's arguments concerning the People's summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]; People v Vidro, 148 AD3d 526, 527 [1st Dept 2017], lv denied 29 NY3d 1088 [2017[*2]]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal, because any improprieties in the challenged remarks by the prosecutor were not so egregious as to deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133, 143-144 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Contrary to McKenzie's argument, the court properly granted the jury's request for a written copy of the indictment (see People v Martell, 91 NY2d 782, 786 [1998]; People v Moore, 71 NY2d 684 [1988]). In any event, any error was harmless, because "before giving the indictment to the jury, the court . . . carefully explained the nature of an indictment for the jury again as only . . . charge[s], lacking any evidentiary value" (id. at 687-88).
The motion and trial courts properly denied McKenzie's motion to suppress cell site location information obtained by court order under 18 USC § 2703(d). Because the suppression court made a finding of probable cause, "the order was effectively a warrant" (People v Moalawi, 195 AD3d 523, 524 [1st Dept 2021], lv denied 37 NY3d 994 [2021]). McKenzie's challenges to the finding of probable cause are unavailing (see e.g. People v Stroman, 293 AD2d 350 [1st Dept 2002], lv denied 98 NY2d 702 [2002]).
McKenzie's claims of deprivation of and/or ineffective assistance of counsel, resulting from his injured attorney's remote participation in a portion of a trial, are unreviewable because they generally involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). These matters include the extent to which technical difficulties allegedly impaired counsel's ability to participate, and his strategic decision to forgo a mistrial motion. Therefore, because this defendant has not made a CPL 440.10 motion, the merits of these claims may not be addressed on appeal.
Defendant Mason's ineffective assistance claims are likewise unreviewable in the absence of a CPL 440.10 motion. In the alternative we find, to the extent the existing record permits review, that Mason received effective assistance (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Mason has not shown that applications raising double jeopardy or uncharged crimes issues would have had any success.
Mason's challenge to the court's original and revised jury instructions on state jurisdiction is unpreserved (see People v Robinson, 88 NY2d 1001 [1996]), and we decline to review it in the interest of justice. Mason's argument that the alleged defects in the instructions constituted a mode of proceedings error is unavailing (see People v Polk, 118 AD3d 564, 565 [1st Dept 2014], lv denied 23 NY3d 1066 [2014]). As an alternative holding, we find no basis for reversal (see generally People v Medina, 18 NY3d 98, 104 [2011]).
In this five-defendant [*3]case involving voluminous evidence, the court providently exercised its discretion in admitting a PowerPoint presentation and allowing the People's analyst to testify about her preparation of that exhibit, which served the limited purpose of connecting phone numbers to certain individuals (see People v Shields, 100 AD3d 549, 551 [1st Dept 2012]). The record generally fails to support Mason's claims of improprieties such as lay opinion testimony, and to the extent there were any improprieties in the PowerPoint presentation and accompanying testimony, the error was harmless in light of the court's thorough limiting instructions (see id.) and the overwhelming evidence.
Mason's Brady claim is unavailing because it is based on information to which he had independent access (see People v Doshi, 93 NY2d 499, 506 [1999]).
The court lawfully imposed consecutive sentences for Mason's conspiracy convictions, because he committed the crimes through separate and distinct acts (People v Arroyo, 93 NY2d 990 [1999]). Double jeopardy principles did not require any of the sentences imposed in this case to run concurrently with the sentences imposed in a related California case (see Matter of Robinson v Snyder, 259 AD2d 280 [1st Dept
1999], lv denied 93 NY2d 810 [1999]). We perceive no basis for reducing Mason's sentence on the ground of excessiveness. However, we find McKenzie's sentence excessive to the extent indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2023